GEORGE T. REEVES, Appellee, v. CHARLES L. HUNTER et al., Appellants.

**INSANE PERSONS:** Contracts—When Voidable—Restoration of
1 **Status Quo.** A contract of an incompetent, entered into innocently by the other party, is voidable, and not void; and, if fair and reasonable, and if both parties cannot be placed *in statu quo*, it may be enforced; and, where set aside as being voidable, the innocent party is entitled to be restored to the *status quo* or its equivalent.

**WILLS:** Testamentary Capacity—Effect of Permanent Guardianship.
2 A person under guardianship may be found competent to make a will, but the fact of the guardianship is presumptive proof of incompetency.

**GUARDIAN AND WARD:** Insane Persons—Contracts for Necessa-
3 ries—Statutes. The liability on their contracts or for necessaries of the insane or spendthrift under guardianship, is not

affected or governed by the provisions of Section 3189, Code, 1897, notwithstanding the general provision of Section 3223, Code, 1897, that, as far as the same are applicable, Sections 3192 to 3228, Code, 1897, and other laws relating to minors, shall apply to the insane, spendthrifts, and habitual drunkards, and their guardians.

GUARDIAN AND WARD: Contracts of Ward—Constructive Notice
4  of Disability from Guardianship. Every person dealing with one under permanent guardianship is charged with constructive notice of the judgment of disability.

GUARDIAN AND WARD: Estate of Ward—Contracts for Necessa-
5  ries—Jurisdiction of Court. Neither the guardian nor the insane person can made a valid contract, even for necessaries, without the approval of the district court sitting in probate; and one furnishing a ward necessaries must present his claim therefor for approval, to the court having jurisdiction of the ward's estate.

GUARDIAN AND WARD: Estate of Ward—Contracts for Neces-
6  saries—Refusal of Claim Without Restoration of Property. The disability of a person under guardianship is such that there can be no obligation on his part to restore property secured by him under contract, yet this disability does not prevent the other party from retaking it; and while the court, upon refusing approval of claim for necessaries furnished the ward, has full power to order whatever restoration is practicable, yet its right to refuse approval is not dependent upon its ordering restoration.

GUARDIAN AND WARD: Estate of Ward—Contracts—Jurisdiction
7  of Court. A person who is under guardianship is under the protection of the court, and cannot make a contract which is obligatory upon him.

*Appeal from Wapello District Court.*—SENECA CORNELL, Judge.

APRIL 8, 1919.

ACTION on a promissory note for $325 against the maker, Charles L. Hunter, an incompetent and spendthrift, and against H. H. Harrold, his guardian. The plaintiff obtained the note from Hunter while he was under guardianship, the

consideration thereof being an old automobile, which was received by Hunter and soon thereafter abandoned by him at a repair shop. The defense of incompetency and guardianship was avoided by the plaintiff by pleading that he sold the automobile in regular course of business, without knowledge of the purchaser's incompetency or of the guardianship over him, and that the automobile has never been restored to the plaintiff. Evidence having been introduced in support of the allegations thus pleaded, the trial court directed a verdict for the plaintiff. The defendants appeal.— *Reversed.*

*Thomas J. Bray,* for appellants.

*Jaques, Tisdale & Jaques,* for appellee.

EVANS, J.—In September, 1915, a guardianship was established by regular proceedings over Charles L. Hunter on the ground that he was an incompetent, and that he was squandering his property. Daugherty was appointed his permanent guardian. On July 28, 1916, while said guardianship was in full force and effect, and while Daugherty was still acting as his permanent guardian, the plaintiff obtained from Charles L. Hunter the execution of the note in question, as the consideration for a secondhand automobile. Subsequently, Daugherty resigned as guardian, and the defendant Harrold was appointed, and is made defendant herein as such guardian. Counsel for defendant, appellant, contends that the note was void in its inception, and is of no force or effect; whereas counsel for the plaintiff, appellee, contend that the contract was voidable only, and that the restoration by the maker of the consideration received is a condition precedent to its avoidance. The brief of the appellant states the question as follows:

"Boiled down, the issue is, Can a person under guardianship execute an enforcible contract?"

On the other hand, the brief of appellee states the question as follows:

"Boiled down, Can a person of apparent normal mind make an ordinary contract in the ordinary way with another person in ignorance of the fact that he was under guardianship, and avoid his obligation incurred therein without restoring the consideration received?"

The foregoing brief statements indicate clearly the range and nature of the respective arguments put forth. The specific question is one which has not heretofore confronted us, and we find abundant difficulty in it. It

1. INSANE PERSONS: contracts: when voidable: restoration of *status quo*.

is well settled in this state that a contract of an incompetent, when entered into innocently by the other party, is voidable only, and not void. It is settled also that such a contract may be enforced, if fair and reasonable, and if both parties cannot be put *in statu quo*. *Behrens v. McKenzie,* 23 Iowa 333. Such rule, however, has never been applied in this state to a case where the incompetent was under actual guardianship. Neither is any case cited to us from any other jurisdiction where the rule has been applied to an incompetent under guardianship, except, possibly, where a question of necessaries is involved. It is generally true, also, that, where the contract of an incompetent with an innocent party is set aside as voidable, the innocent party is entitled to be restored to the *status quo* or its equivalent. . It is settled in this state also that, though a person be under guardianship, he may yet be found competent to make a

will. In such case, however, the fact of

2. WILLS: testamentary capacity: effect of permanent guardianship.

guardianship is presumptive proof of incompetency to make a will, and the burden is upon the proponent to overcome such presumption.

Cases from other jurisdictions are cited to us which hold that the fact of guardianship will not defeat a contract

for actual necessaries furnished to the ward; nor are any cases cited to us holding otherwise on this point. In such a case, however, the vitality of the plaintiff's cause of action is not in his contract, but in the fact that he responded to the actual necessities of the ward. In such a case, the plaintiff's position before the court is just as strong without a contract as with one. The contract adds nothing to his right of recovery.

None of the foregoing propositions quite reach the case at bar. The question presented must be answered by a consideration of our statute and the necessary effect thereof.

The subject of guardianship is dealt with in Chapter 5, Title XVI, of the Code, being Sections 3192 to 3228 inclusive. The provisions of this chapter are made applicable alike to the guardianship of minors, idiots, lunatics, insane, drunkards, and spendthrifts who squander their property. Section 3223 provides:

3. GUARDIAN AND WARD: insane persons: contracts for necessaries: statutes.

"The provisions of this chapter, and all other laws relating to guardians for minors, and regulating or prescribing the powers, duties or liabilities of each, and of the court or judge thereof, so far as the same are applicable, shall apply to guardians and their wards appointed under the fourth preceding section of this chapter."

The "fourth preceding section" referred to in Section 3223 is Section 3219, which is as follows:

"When a petition, verified by affidavit, is presented to the district court that any inhabitant of the county is:

"1. An idiot, lunatic or person of unsound mind;

"2. An habitual drunkard, incapable of managing his affairs;

"3. A spendthrift who is squandering his property;

"And the allegations of the petition are satisfactorily proved upon the trial provided for in the following section,

the court may appoint a guardian of the property of such person, who shall be the guardian of the minor children of his ward, unless the court otherwise orders; and if such person is an habitual drunkard the court may appoint a guardian of his person, whether he has any estate or not."

The argument for appellee is made to rest largely upon Code Section 3189, which is as follows:

"A minor is bound not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority, except as otherwise provided."

The argument is that, by the terms of Section 3223, the provisions of Section 3189 are made applicable to all persons under guardianship. It is to be noted that Section 3189 is not a part of Chapter 5, Title XVI, but is a part of Chapter 4. It declares the liability of a minor for his contracts, subject only to a right of disaffirmance upon certain conditions. It does not deal at all with the question of guardianship, nor with the "powers, duties or liabilities" of guardians. The argument that would make Section 3189 apply to the idiot and the insane, and to the drunkard and spendthrift, would make Sections 3190 and 3191 apply, likewise; and this would be a strained argument. We are clear, therefore, that the argument of appellee cannot be sustained at this point, and that the liability of the insane and the spendthrift is not to be ascertained from the terms of Section 3189.

Some reliance is put by plaintiff, appellee, upon the fact that he dealt innocently, and without knowledge of the guardianship. Does this furnish him any protection against

the invalidity or voidability of the contract?

**4. GUARDIAN AND WARD: contracts of ward: constructive notice of disability from guardianship.** When the guardianship was established by the judgment of the court, such court, through the appointed guardian, took charge of the property and of the business of the ward. The property was thus, in a sense, *in custodia legis.* Suppose that the ward, by his contract, had traded off some of the property thus in the custody of the court or guardian, could the beneficiary of the trade take the property from the custody of the court or custodian without an approval of the trade by the court? Indeed, it appears that the ward in this case did execute a chattel mortgage, to secure this note, on ten head of cattle. Nothing is claimed herein, however, under that mortgage. Could the plaintiff have pleaded his innocence as a sufficient ground for enforcing such mortgage? The guardian was under bond to report and account to the court for the proper management of the ward's business. Was he bound to stand guard against possible encroachment upon his field of duty by the thousands of people living in Wapello County, any one of whom might, at any time, innocently enter into an unsuitable contract with his ward? Was he bound to see to it that every one of these thousands of people had actual notice of the judgment of the court? We think not. On the contrary, we think that every person so dealing with one who is, in fact, under permanent guardianship, is bound by constructive notice of the judgment of disability. No other rule would make it possible for the court or its appointed guardian to protect the interests of the ward. See *In re Will of Van Houten,* 147 Iowa 725, 732, 733.

It is also urged by the plaintiff, appellee, that Hunter was living upon a farm some miles out of town, and had need of the automobile. That is, the plaintiff claims to be

in the position of one who has furnished
5. GUARDIAN AND WARD: estate of ward: contracts for necessaries: jurisdiction of court. necessaries to the ward. This question was in no manner litigated below. If the guardian had deemed this automobile a necessity to his ward, he could not have purchased it for him without the approval of the court. Code Section 3200; *Bates v. Dunham,* 58 Iowa 308. Why should the plaintiff be permitted to make a contract with the *ward* without the approval of the court, if he could not have so made it with the *guardian?* The court, sitting in probate, had full jurisdiction of the estate of this ward. To say that the plaintiff might enter into a contract with the ward in violation of the judgment of guardianship, and that he might obtain enforcement of that contract in another court, would be to oust the jurisdiction of the appointing court over the estate of the ward. We think it follows logically that, if the *guardian* could not make a valid contract without the approval of the court, the *ward* could not. A fatal infirmity, therefore, in plaintiff's contract is that it lacked the approval of the court, which had jurisdiction of the ward's estate. If the plaintiff really responded to the necessities of the ward, and furnished him with necessaries, we may assume that he would have a meritorious claim. But even then, he would need to present it for approval to the court having jurisdiction of the estate. If his claim had such merit that the probate court would have approved it in advance, possibly that might be a sufficient reason for approval and allowance by the same court after the event. We do not now pass upon that question. See *L'Amoreux v. Crosby,* 2 Paige (N. Y.) 422 (22 Am. Dec. 655).

On the question of restoration of the consideration re-received, the same court, in the event of its refusal to approve the contract, would have full power to order whatever

restoration was practicable. In such a

6. Guardian and
Ward: estate of
ward: con-
tracts for nec-
essaries: refusal
of claim without
restoration of
property.

case, however, we do not think that the failure to restore would be a condition precedent to a refusal of its approval of the contract by the court. If the ward was under disability to contract, because of the judgment of guardianship, he was under the same disability to assume an obligation to restore property in the future. This disability, however, would not necessarily destroy the right of the other party to retake the property. Manifestly, it would be unjust to impose upon the guardian the obligation to search for and discover such property, if it had never come into his hands, but had been dissipated by his incompetent ward. Of what avail would it be for a court or a guardian to take possession of the property and estate of a spendthrift in order to conserve it from his squandering, if third parties might, at their own will, put their own property into the spendthrift's hands and hold him responsible for its restoration? If he was incompetent to withhold his own property from dissipation, he was likewise incompetent to withhold theirs. If such third parties could hold him to such a responsibility, it would follow that, in order to make up their own losses, resulting from the dissipation of their property by the incompetent, they could resort to and appropriate the very property under conservation, in the possession of court and guardian; and they could do this regardless of the lack of approval by the court of the transaction out of which the responsibility arose.

The following cases from other jurisdictions give support to our conclusion herein, by holding that a person under guardianship is under the protection of the court, and

7. Guardian and
Ward: estate
of ward: con-
tracts: jurisdic-
tion of court.

cannot make a contract which is obligatory upon him as such: *Dexter v. Hall*, 15 Wall. (U. S.) 9; *Hovey v. Hobson*, 53 Me. 451 (89 Am. Dec. 705); *Wait v. Maxwell*, 5 Pick. (Mass.) 217 (16 Am. Dec. 391); *Gibson v.*

*Soper,* 6 Gray (Mass.) 279 (66 Am. Dec. 414) ; *Chew v. Bank,* 14 Md. 318; *Hughes v. Jones,* 116 N. Y. 67 (15 Am. St. 386) ; *L'Amoreux v. Crosby,* 2 Paige (N. Y.) 422 (22 Am. Dec. 655) ; *Wadsworth v. Sharpsteen,* 8 N. Y. 388 (59 Am. Dec. 499) ; 1 Elliott on Contracts, Sections 368–371; Clark on Contracts (2d Ed.) 182; *Pearl v. McDowell,* 3 J. J. Marsh. (Ky.) 658 (20 Am. Dec. 199) ; *Schramek v. Shepeck,* 120 Wis. 643 (98 N. W. 213) ; *American Tr. & B. Co. v. Boone,* 102 Ga. 202 (66 Am. St. 167).

In reaching our conclusion herein, we are not unmindful of the fact that a guardianship is sometimes permitted to become dormant, and to cease in fact, though it exists in form upon the records of the court. If the ward be, in fact, restored to mental competency, and if the guardian, recognizing such fact, surrenders to him his estate, and thereby becomes entitled to an order of discharge, but neglects to obtain the same, this would present an illustrative case of dormant guardianship. See, also, *Hanrahan v. Hanrahan,* 182 Iowa. 1242, for illustrative case. Whether, in such a case, the ward would be bound by his subsequent contracts, even though entered into before a formal discharge of the guardianship, is a question which we do not determine. The record before us presents a case of an active, "going" guardianship. Nor do we pass upon the question whether any remedy is open to the plaintiff to present his claim as for alleged necessaries furnished to the ward. No such question was passed upon by the trial court. The verdict appears to have been directed for the plaintiff upon the ground that the automobile had not been restored to the plaintiff. The court thereby treated the rights of the parties as being defined by Section 3189. This was error. The judgment below is, therefore,—*Reversed.*

LADD, C. J., GAYNOR, PRESTON, and STEVENS, JJ., concur.