NELLIE WILSON ROBINSON, Appellee, v. LYNN J. IRWIN et al., Appellants.

GUARDIAN AND WARD: Custody of Estate—Deposit in Bank—Subsequent Approval by Court—Effect. The due approval by the probate court of a guardian's report wherein he recited that he had deposited the funds of the ward in a bank and had received a stated amount of interest on such deposit is, in legal effect, an authorization to the guardian *to continue the deposit,* with resulting consequence that the guardian is relieved of personal responsibility in case the bank subsequently becomes insolvent; and this is true irrespective of the provisions of Sec. 9285, Code of 1924. ·

Headnote 1: 28 C. J. p. 1145.

Headnote 1: 21 L. R. A. (N. S.) 399.

*Appeal from Harrison District Court.*—J. S. DEWELL, Judge.

JULY 1, 1927.

Action on a guardian's bond. A demurrer to the answer was sustained. The defendants stood upon their answer, and judgment was entered against them. They appeal.—*Reversed.*

*C. W. Kellogg,* for appellants.

*Fred E. Egan,* for appellee.

VERMILION, J.—The plaintiff, appellee, on arriving at majority, brought this action against her guardian and the sureties on his bond, to recover the amount of her estate in the guardian's hands, as shown by his reports. The amount is not in dispute. The petition averred that the guardian was appointed in 1921, and had deposited the money of the ward in a bank which failed. The petition set out an annual report by the guardian, filed in January, 1923, in which he reported the receipt of $466.92 belonging to his ward; that he had deposited that amount in the State Savings Bank of Logan, and had received from the bank interest to the amount of $36.89. The petition also set out a report by the guardian filed in the probate court shortly before the commencement of the action,

which showed the amount of the ward's estate, and contained the following recital:

"These sums were on deposit by this guardian in the State Savings Bank of Logan, Iowa; that he had requested the sum to be loaned on a good mortgage, which said bank agreed to furnish; but before such agreement was carried out, said bank closed its doors, was placed in the hands of the state superintendent of banking for liquidation, and its assets are now in the hands of said superintendent as receiver."

The report further recited the filing of a claim by the guardian with the receiver for the allowance of a preference for the amount of the deposit as a trust fund, and the disallowance of the claim.

The answer pleaded that the annual report filed in January, 1923, was presented to a judge of the district court, and by him approved in the following order:

"And now on this 4th day of January, 1923, comes Lynn J. Irwin, guardian of the estate of Nellie M. Wilson and Anna Wilson, minors, and files herein his annual report of the affairs of and his proceedings in the matter of said estate, showing the condition of the same, from which report it appears that there is in the hands of said guardian, belonging to said estate, the sum of $503.81 to Nellie M. Wilson, and the sum of $552.92 belonging to Anna Wilson. And the clerk, upon examination of the same, finds that said report is true and correct, and the same is hereby approved."

The answer further pleaded that this approval of the report "was, in effect and in law, a sanctioning of the depositing of said money." This was the only defense pleaded.

Section 3200, Code of 1897 (Section 12581, Code of 1924), provided:

"Guardians of the property of minors must prosecute and defend for their wards, may employ counsel therefor, lease lands, loan money, and in all other respects manage their affairs, under proper orders of the court or a judge thereof."

In *Bates v. Dunham*, 58 Iowa 308, we were called upon to construe Section 2250, Code of 1873, in relation to the act of a guardian who, without authority of the court, hypothecated a note belonging to the ward's estate, for his own benefit. That section provided:

"They [guardians] must also * * * manage their [wards']
interests under the direction of the court. They may thus
* * * loan their money during their minority, and may do all
other acts which the court may deem for the benefit of the
wards."

We said:

"But when an act is to be done under the direction of the
court, as provided in Section 2250 of the Code of 1873, the
direction precedes the act, and without such direction there is
no authority to do the act."

In *Slusher v. Hammond*, 94 Iowa 512, it was claimed that
a note belonging to the estáte of a ward had been by the guar-
dian placed in the hands of the defendant in payment of funds
overdrawn by the guardian, and that the note thus became the
property of the defendant. We said, referring to *Bates v.
Dunham*, supra, that the general rule announced in that case,
that the direction of the court must precede the act of the
guardian in making investments, was applicable, and that:

"The defendant not only failed to show that the transac-
tions set out were under the direction of the probate court, but
he failed to show that they had been in any manner ratified for
the plaintiff."

In *Garner v. Hendry*, 95 Iowa 44, where a former guardian
had deposited his ward's money in a bank and turned the cer-
tificates of deposit over to the defendant, his successor, who re-
newed them, and the bank failed, we said:

"The law of this state inhibits the investment of money and
the doing of other acts by the guardian in behalf of the ward
without the direction of the court, and that direction must be
given before the act. * * * Thompson [the former guardian]
had no authority to make the loan in question to the bank, and
he could confer none upon the defendant."

In *Easton v. Somerville*, 111 Iowa 164, there was involved
the purchase by a guardian of a mortgage without authority
of court. We said:

"Such transactions made without the order or direction of
the probate court are invalid, or voidable, at least, until ap-
proved by the proper court. As the investment in the Moench
mortgage was not done on the order of the probate court, and
as the same has never been approved, the estate of Sarah J.

Knox [the guardian] is liable for the amount of the funds so invested.''

In *Reeves v. Hunter*, 185 Iowa 958, a spendthrift under guardianship gave his note for the purchase of an automobile. We said that the guardian could not have purchased the article without the approval of the court, and that, if the guardian could not have made a valid contract without the approval of the court, the ward could not. We further said:

''If his claim had such merit that the probate court would have approved it in advance, possibly that might be a sufficient reason for approval and allowance by the same court after the event. We do not now pass upon that question.''

We have never been confronted with the question whether the subsequent approval by the proper court of an investment of the ward's money by a guardian is the equivalent of a prior direction and authorization. In none of the cited cases was there any claim that the action of the guardian had been subsequently approved by the court. The statement in the earlier cases that the direction of the court must precede the investment was clearly not necessary to a determination of the case. In *Easton v. Somerville*, supra, we said that the investment was voidable until approved by the court, and in *Reeves v. Hunter*, supra, we expressly reserved the question from decision. There is apparent, however, in the later cases a doubt of the soundness of the earlier dictum that the direction of the court must precede the investment.

It is a general rule that, unless prohibited by some statutory provision, the court may approve an act which it might have authorized or directed to be done, and with the same effect. We think no such prohibition is to be found in the statute under consideration. The language of the statute is that a guardian may loan his wards' money and manage their affairs under the orders of the court or a judge thereof:

Whatever might be said about the original act of depositing the money without an order from the court, when that act was reported to the court, with the interest paid on the deposit, and the court approved the report, we think it must be said that the leaving of the money so on deposit thereafter was authorized. It must, of course, be conceded that it was the duty of the guardian to loan the money of his ward, under

direction of the court. The deposit differed from an ordinary loan, in that it was payable on demand. The court was advised by the report that the money was on deposit at interest. Instead of refusing to accept this as a performance of the duty resting upon the guardian, the court approved the report.

It is suggested that the order approving the report did not expressly approve the deposit, but was a mere auditing of the account. But, we think, it was more than this, and was an approval of the act of the guardian, as set out in the report. *In re Estate of Wisner*, 145 Iowa 151.

The guardian, by his report, charged himself with the interest paid by the bank on the deposit. The court was required, when the guardian reported his act, to approve or disapprove of it. It approved the report, so far as it showed an increase of the fund, arising from the act of the guardian. We think it also approved of the act by which that advantage accrued to the estate. It is not a case where the guardian charged himself with interest for his own use of the ward's money.

Section 1889-d, Code Supplement of 1915 (now Sections 9284 to 9288, inclusive, Code of 1924), was in a chapter conferring additional powers upon trust companies and state and savings banks to act as receiver, assignee, guardian, administrator, or trustee, when so authorized by their articles of incorporation. Passing the question whether the provisions of that section are not by their very terms limited to such trust companies or banks as have availed themselves of the provisions of the chapter, in their articles of incorporation, to assume the right to act as fiduciaries, we think, in view of the other statute referred to, that the proceedings provided for in that section are not exclusive, and that a guardian who does not follow the course there pointed out may, nevertheless, obtain such approval of his act in depositing his ward's funds in a bank as to relieve himself from responsibility therefor, in the event of the failure of the bank. Section 1889-d has not heretofore been deemed controlling. See *In re Estate of Workman*, 196 Iowa 1108.

There is no contention that the answer did not state a defense, if the order approving the report was an approval of the deposit, and, in effect, the same as a direction by the court

to make the deposit. The case arising on demurrer, there is no question of the validity of the order involved in this appeal.

The demurrer should have been overruled, and the judgment is—*Reversed.*

Evans, C. J., and Stevens, Faville, and Kindig, JJ., concur.