UNION REALTY COMPANY OF GREENSBURG *v.* OLDER ET AL.

[No. 14,536. Filed May 10, 1933. Rehearing denied September 28, 1933.]

*Tremain & Turner,* for appellant.

*Thomas H. Branaman,* for appellees.

KIME, P. J.—On August 16, 1926, appellee Union Trust Company brought this action on a note against Frank Rust, Howard Rust, and Andrew Rust, and to foreclose its mortgage against defendants, Frank Rust and Howard Rust. Appellees William A. Shirk and Joseph R. Shirk were made party defendants as present holders of a second mortgage executed to Comer C. Campbell and by him assigned to the Shirks. Appellee Harry Fenley was made defendant as holding an interest in the land as a tenant.

A petition was filed asking for the appointment of a receiver to take charge of the real estate pending the suit and during the year of redemption. This petition was granted, and on September 10, 1928, appellee Ray W. Miers was appointed receiver. On November 15, 1928, on motion of the parties, Comer C. Campbell was made a party defendant, and on the same date said Campbell filed his cross-complaint to foreclose the second mortgage against said real estate.

The issues were closed upon both the complaint and the cross complaint and a decree of foreclosure was entered, foreclosing both mortgages. The Shirks and Fenley were defaulted. Judgment was rendered in favor of the Union Trust Company in the sum of

$24,066.96 and in favor of Campbell for $9,549.31. The real estate in question was ordered sold to pay said judgments, and the court also ordered that the receivership be continued during the year of redemption. Sale was had on December 22, 1928, and appellant Union Realty Company of Greensburg, Indiana, purchased said real estate for two hundred dollars less than the judgment of plaintiff, Union Trust Company.

On October 7, 1929, Frank and Howard Rust, owners of the equity of redemption, conveyed all of their interest in the land of appellee Fred R. Older and executed a bill of sale to said Older for all their interest in monies, credits, rents, issues and profits and all crops derived from the land. On November 14, 1929, Campbell assigned his judgment to Joseph R. Shirk. No redemption of the land being made, the purchaser, Union Realty Company, received its sheriff's deed to same on December 24, 1929. It further appears that appellee Ray W. Miers operated the farm as receiver during the year of redemption, and on March 17, 1930, he filed his final report as such, and to which report appellee Older filed exceptions, making appellant, Union Realty Company, a party to such exceptions and asking that said Union Realty Company be ordered to pay to him (Older) certain sums expended by the receiver during the year of his administration as such receiver.

Hearing was had on May 20, 1930, and on June 24, 1930, the court entered a decree approving the receiver's final report, and entered, among other things, a finding against appellant and in favor of appellee Older to the effect that appellant was indebted to appellee Older in "the sum of $1,006.33, for taxes, fertilizer and seed wheat paid for by said receiver out of funds in his hands." No judgment was entered therefor at that time.

On June 22, 1931, Joseph R. Shirk assigned his judg-

ment to Older, and on June 26, 1931, final judgment between all parties was rendered. That part of the court's final finding and judgment germane to the issues here, is as follows: "And the court further finds that said Fred R. Older is entitled to receive and recover of the Union Realty Company of Greensburg, Indiana, the sum of $1,006.33 heretofore found due, by the court, from said Union Realty Company for taxes, fertilizer, and wheat paid for by said receiver; and the court further finds that said Fred R. Older is the owner of all of the right, title and interest of the exceptor and petitioner, Joseph R. Shirk, in and to the judgment heretofore rendered in this cause in favor of Comer C. Campbell against Frank Rust and Howard Rust; and the court further finds that the exceptor and petitioner, Joseph R. Shirk, take nothing in this action. . . . It is further considered and adjudged by the court that the petitioner, Fred R. Older, do have and recover of the Union Realty Company of Greensburg, Indiana, the sum of $1,006.33, to which the Union Realty Company at the time objects and excepts."

There was a motion for a new trial, assigning as reasons therefor that the decision of the court is not sustained by sufficient evidence and is contrary to law, and error in the assessment of the amount of recovery, same being too large. This motion was overruled, hence this appeal, the error assigned here being the overruling of said motion.

It seems that the sole question involved in this cause is whether or not the purchaser of property at a sheriff's sale may be compelled to pay to the mortgagors or their assignee, money expended by the receiver for taxes, fertilizer and seed wheat as found by the court, it being appellant's contention that it was not liable for the expenditures under the circumstances in this cause.

As heretofore stated, the property was purchased by

appellant on December 22, 1928, about 3½ months subsequent to the appointment of the receiver. The evidence shows that on October 10, 1928, a petition was filed by the receiver asking permission to borrow $840.00 to purchase fertilizer, make repairs and pay taxes. This petition was granted by the court and the money ordered borrowed for said purposes. The evidence also shows that within one month from the date of purchase by appellant, the receiver again petitioned the court to borrow money to purchase clover and timothy seed, and to pay the 1928 taxes payable in 1929. The record affirmatively shows that all payments were made by the receiver upon petition to the court, and an order issued thereon.

Appellant urgently contends that all of these expenditures were made by the receiver in good faith; that his acts were authorized by law; that at the time many of the orders were made it (appellant) had not become the purchaser of the real estate; that it was not a party and had no standing in court to complain about expenditures made subsequent to the time of purchase; and that the mortgagors, through their attorney, not only consented to the expenditures in question but encouraged them, asserting that the property would be redeemed, and that, therefore, it should not be held liable for same. Appellant also points out in its brief that "the mortgage foreclosed, under which the receiver was appointed, not only mortgaged the real estate but expressly mortgaged the rents, issues and profits thereof during the foreclosure proceedings and the year of redemption, to secure the payment . . . the mortgagor agrees to keep the buildings insured in the sum of $15,000.00 for the benefit of the mortgage and it was expressly agreed that if any part of the debt, principal, interest or taxes, should become due and unpaid, the whole sum thereby secured should become collectible and upon default in making said pay-

ments the mortgagee was given the right to take immediate possession, either in person or by a receiver, for the purpose of applying the rents and profits to the payment of the debt."

There is some disagreement between the parties herein as to whether or not the mortgage above referred to is properly before this court. Assuming that it is properly before us, appellant cannot rely upon any of the terms or conditions contained therein for the reason that it stands in no legal privity of contract with the debtor or creditor upon whose claim the judgment was founded. *Davis* v. *Rupe* (1888), 114 Ind. 588 at p. 597, 17 N. E. 163.

We can see no necessity for protracting the opinion in this cause. The court, in trying this cause, had equitable jurisdiction, and appellant, on becoming a purchaser at the foreclosure sale, became a quasi party to the action and subjected itself to the jurisdiction of the court. Jones on Mortgages (8th. ed.) Vol. 3, sec. 2109; Wiltsie on Mortgage Foreclosure (4th. ed.) Vol. 2, sec. 765; *Kneeland* v. *Am. L. & T. Co.* (1890), 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379 at 382.

The court had full power and authority in this case to appoint a receiver to conduct the business of the mortgagor during the year of redemption, *Leader Publishing Co.* v. *Grant Trust, etc., Co.* (1915), 182 Ind. 651, 108 N. E. 121, and it is shown by the record that the court did authorize the receiver to operate the farm according to the custom and usage of the neighborhood. Appellant stresses the fact that the appellee receiver was operating under such authority and made the expenditures in question by reason of such authority, also that no objection or exception was taken to said expenditures by appellee Older, and that it therefore should not be held liable for same.

As to the matter of taxes, it must be borne in mind

that appellant, as a purchaser at the foreclosure sale, took as a stranger whatever title was sold by the decree. As was well said in *Davis* v. *Dale* (1894), 150 Ill. 239, 37 N. E. 215, "by law he became entitled to all the right, title and interest of the mortgagor in the premises, if no redemption was made in the time and manner prescribed by the statute, and necessarily took the estate charged with all the infirmities of title, and subject to all prior liens to which it would have been subject in the hands of the mortgagor." Appellant cannot avail itself of the fact that the receiver made the expenditures in question in good faith and by order of court, as they were made out of the rents and profits which rightfully belonged to appellee after payment of the mortgagee's deficiency judgment. It is quite possible that the court erred in its interlocutory orders authorizing the expenditures, but it is always within the power of the court to render a correct final judgment and adjust the equities between the parties. A court, by making an erroneous ruling or order in a cause, is not thereby prevented from afterwards rendering a correct order or judgment; and the party in whose favor such error was committed cannot successfully urge a reversal of a correct final judgment on the ground that it is contrary to the erroneous order previously made. *World Building, Loan & Investment Company* v. *Marlin et al.* (1898), 151 Ind. 630, p. 637, 52 N. E. 198.

Appellant was fully aware, when it purchased the property, that same was being managed by a receiver, who was under orders of the court to operate same according to the custom and usage of the neighborhood. If taxes were paid by the receiver, appellant had no right to assume that same was rightfully paid out of funds belonging to the holder of the equity of redemption, as it (appellant) knew that it had purchased subject to liens, and the taxes in question

were liens on the property at the time it purchased. Appellant argues that if appellee Older had redeemed he had only to pay the amount of the bid of the purchaser with 8 per cent interest and that appellee would then receive all of the improvements and the benefit of the expenditures made by the receiver, without paying anything therefor. Appellant undoubtedly overlooks section 842, Burns Ann. Stat. 1926, which would require appellee Older to reimburse appellant for taxes paid by the latter and which became a lien during the year of redemption. As to the additional expenditures charged against appellant by the court, it is shown by the finding that the only other items charged were for seed wheat and fertilizer. It is also shown that 127 acres of wheat were sown in the fall of 1929, within sixty days of the expiration of the year of redemption. It is evident that these expenditures could not and did not benefit appellee Older, as the crops derived therefrom could not mature until after the year of redemption. Therefore, the court was justified in taking such matters into consideration and to adjust the equities accordingly.

This is an equity proceeding. There is evidence to support the finding of the trial court; we cannot disturb it. The judgment is, therefore, affirmed.