LEO PODGORNY *v.* GREAT CENTRAL INSURANCE COMPANY.

[No. 3-673A64.  Filed May 30, 1974.]

*Frank J. Galvin, Jr.,* of Hammond, for appellant.

*Foster, Stanish & Kouris,* of Hammond, for appellee.

GARRARD, J.—This appeal concerns the granting of summary judgment in a suit brought to enforce a default judgment rendered by an Illinois state court.

The appellant (Podgorny) had secured from the appellee (Great Central) a surety bond assuring that Podgorny would pay to the Illinois Department of Revenue sales tax monies which might become due and owing. Podgorny defaulted in payment of the taxes, and the State of Illinois then collected from Great Central. In turn Great Central sued Podgorny in the Circuit Court of Cook County, Illinois, and secured a default judgment against him on July 23, 1971. Thereafter, suit was commenced in Indiana to enforce the Illinois judgment. The defense asserted by Podgorny is that he was never served with process in the Illinois suit and therefore the Illinois judgment is void.

Both parties moved for summary judgment. The trial court's order denying summary judgment to Podgorny and granting it, instead, to Great Central upon the record before it provides the dual basis for this appeal.[1]

Before examining the specifics presented to the trial court by the parties, it is necessary to briefly review the status of a foreign judgment when suit is brought upon it in Indiana.

U.S. CONST. art. I, § 4 requires that full faith and credit

---

1. Of the five separate allegations made in the motion to correct errors, only these are specifically treated in the motion and in appellant's brief. Accordingly, any other assertion of error has been waived.

be given to the judicial proceedings of every other state. In addition, 28 U.S.C. § 1738 provides:

> "The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

> "The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

> "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

On the other hand, to ensure due process it is well recognized that a judgment rendered in one state can be collaterally attacked in a second state when the original court was lacking in jurisdiction of either the subject matter or the person. *Williams* v. *North Carolina* (1945), 325 U.S. 226; *Old Wayne Life Ass'n.* v. *McDonough* (1907), 204 U.S. 8; *Ulrey* v. *Ulrey* (1952), 231 Ind. 63, 106 N.E.2d 793.

Furthermore, where a foreign judgment is collaterally attacked for want of jurisdiction, the defect need not appear on the face of the record. *Old Wayne Mut. Life Ass'n* v. *Flynn* (1903), 31 Ind. App. 473, 68 N.E. 327.

As the United States Supreme Court stated in *Old Wayne Life Ass'n* v. *McDonough, supra:*

> "The constitutional requirement that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state is necessarily to be interpreted in connection with other provisions of the

Constitution, and therefore no state can obtain in the tribunals of other jurisdictions full faith and credit for its judicial proceedings if they are wanting in the due process of law enjoined by the fundamental law. 'No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party.' *Scott* v. *McNeal,* 154 U.S. 34, 46. No state can, by any tribunal or representative, render nugatory a provision of the supreme law. And if the conclusiveness of a judgment or decree in a court of one State is questioned in a court of another government, Federal or state, it is open, under proper averments, to inquire whether the court rendering the decree or judgment had jurisdiction to render it.

"Such is the settled doctrine of this court. In the leading case of *Thompson* v. *Whitman,* 18 Wall. 457, 468, the whole question was fully examined in the light of the authorities. Mr. Justice Bradley, speaking for the court and delivering its unanimous judgment, stated the conclusion to be clear that the jurisdiction of a court rendering judgment in one state may be questioned in a collateral proceeding in another state, notwithstanding the averments in the record of the judgment itself. The court, among other things, said that if it be once conceded that 'the validity of a judgment may be attacked collaterally by evidence showing that the court had no jurisdiction, it is not perceived how any allegation contained in the record itself, however strongly made, can affect the right so to question it. The very object of the evidence is to invalidate the paper as a record. If that can be successfully done no statements contained therein have any force. If any such statements could be used to prevent inquiry, a slight form of words might always be adopted so as effectually to nullify the right of such inquiry. Recitals of this kind must be regarded like asseverations of good faith in a deed, which avail nothing if the instrument is shown to be fraudulent.' " 204 U.S. 8, 15-16.

It has also been repeatedly stated that the burden of undermining the decree of a sister state "rests heavily upon the assailant." *Williams* v. *North Carolina, supra; Ulrey* v. *Ulrey, supra; Irons* v. *Irons* (1961), 242 Ind. 504, 180 N.E.2d 105.

Thus, where it appears that the court is one of general jurisdiction there is generally a presumption, albeit rebuttable,

that the judgment is valid.[2] *Williams* v. *North Carolina, supra.*

In the case before us jurisdiction is grounded upon the Illinois long-arm statute, and no question has been raised asserting a lack of jurisdictional basis. Neither has appellant asserted that the Illinois statutes providing for substituted service are lacking in due process so as to render the judgment void. The sole attack concerns whether service was effected.

If it was not, the judgment is not entitled to full faith and credit. *McDonough, supra,* 204 U.S. 15.

In making that determination, we must look to the law of the rendering state. If under the law of Illinois there was such a defect in process as to render the judgment void there, it is void here also. *Kniffen* v. *Courtney* (1971), 148 Ind. App. 358, 266 N.E.2d 72.

The rule is properly set forth in Restatement, Judgments, § 6, comments b, c and d, wherein it is stated:

> "Where a method of notification is provided for by statute but the method is not followed in its entirety, a judgment against the defendant is not necessarily void. If what was done was not reasonably calculated to give the defendant notice of the action, the judgment will be void. *So also, the judgment will be void if there was a failure to comply with a requirement which was a condition precedent to the exercise of jurisdiction by the court;* but the judgment will not be void if the requirement was not jurisdictional." (our emphasis)

> "If a method of notification provided . . . where the action is brought is reasonable, and the method provided for is followed, the judgment is not void merely because the defendant did not receive actual knowledge of the action. . . ."

> "The mere fact that the defendant had actual knowledge of the action is not sufficient to make the judgment valid. . . ."

---

2. The exception is where it affirmatively appears from the record, or the pleadings (by way of judicial admission from the proponent of the judgment) that there is a jurisdictional defect. Old Wayne Mut. Life Ass'n. v. Flynn, *supra;* Old Wayne Life Ass'n. v. McDonough, *supra.*

Thus, comment b, § 8 of the same Restatement concludes:

"Where a State has jurisdiction and where the defendant is given reasonable notice and an opportunity to be heard, the question whether the failure to comply with the requirements of the law as to the method of service of process makes the judgment void is a question of the local law of the State in which the judgment is rendered. If by that law the judgment is valid, it cannot be collaterally attacked in that State or in another State. If by that law the judgment is not merely erroneous but is void, it is subject to collateral attack in that State or in another State."

The Illinois cases distinguish between those instances where the defendant is actually served and those where substituted service is employed. In *Tomaszewski* v. *George* (1953), 1 Ill. App. 2d 22, 116 N.E.2d 88, the defendant attacked a default judgment previously entered on the basis that the judgment was void because, in contravention of Illinois requirements, (a) the deputy sheriff who served the return upon defendant's wife did not inform her of the contents thereof; (b) that service was had on the sidewalk by defendant's house and not at his normal place of abode; (c) that the deputy did not identify himself as a police officer; and (d) that defendant never received a copy of the summons in the mail. In holding that these allegations constituted a defense, the court stated:

"The return of an officer making service of a summons for a defendant by copy delivered to another person must show a strict compliance with every requirement of the statute authorizing such service or the court will not obtain jurisdiction of the person." 116 N.E.2d 88, 90. Accord: *Chiaro* v. *Lemberis* (1960), 28 Ill. App. 2d 164, 171 N.E. 2d 81.

Thus, in *Wells* v. *Braxton* (1967), 82 Ill. App. 2d 354, 227 N.E.2d 137, the Illinois Appellate Court affirmed the action of the trial court in quashing process against the defendant, Braxton, where jurisdiction was based upon the long-arm statute and substituted service was employed. The court initially observed:

"Plaintiffs next contend that the technical requirements of section 16 of the Civil Practice Act are not jurisdictional

and the defect in the return of service on defendant Braxton does not invalidate the service. It is their theory that, as in service upon residents, if defendant is given actual notice of the suit then the technical deficiencies may be overlooked. With this we cannot agree. While the State presumably has jurisdiction over its residents, this is not true of nonresidents. It is only in certain instances that our courts may reach out and touch citizens of other states and these occasions are enumerated by statute. Furthermore, a separate and distinct method of service of these nonresidents is described in section 16, which reads in part as follows:

'(2) The service of summons shall be made in like manner as service within this State, by any person over 21 years of age not a party to the action. No order [or decree] of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service has been properly made.' " 227 N.E.2d 137, 142.

After analogizing the requirements to those adopted in a prior decision where service on a partnership had been voided upon an insufficient return,[3] the court concluded:

"With the above in mind it is clear that service and return on an out-of-state defendant must comply fully with the statutory requirements. The statute requires that an affidavit of the server of summons accompany the return, showing the time, manner and place of service. No such affidavit was filed as to service on Braxton. Although the statute in point allows consideration of evidence as well as this affidavit, here there was nothing of sufficient merit to allow the court to conclude that Braxton had been properly served." 227 N.E.2d 137, 142.

The Illinois Civil Practice Act[4] in the long-arm jurisdictional section provides:

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State." Civil Practice Act, § 17.

3. Werner v. W. H. Shons Co. (1930), 341 Ill. 478, 173 N.E. 486.
4. Ill. Rev. Stat., ch. 110.

As determined in *Wells, supra,* the method for such service is provided in § 16(2):

"(2) The service of summons shall be made in like manner as service within this State, by any person over 21 years of age not a party to the action. No order of court is required. An affidavit of the server shall be filed stating the time, manner and place of service. The court may consider the affidavit, or any other competent proofs, in determining whether service has been properly made."

The general provision for service on individuals requires:

"Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving a copy at his usual place of abode, with some person of the family, of the age of 10 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his usual place of abode. The certificate of the officer or affidavit of the person that he has sent the copy in pursuance of this section is evidence that he has done so." Civil Practice Act, § 13.2.

The reason for requiring strict adherence to the statute on substituted service, of course, is that the matters required by the statute, such as the age of the recipient of the summons and the verbal disclosure of its contents, are the very matters the legislature has seen fit to adopt to insure due process by making the procedure reasonably intended to secure *actual* notice.

In this context, then, we turn to the matters presented to the trial court. The relevant materials consist of a duly authenticated transcript of the Illinois judgment, Great Central's answers to certain interrogatories, and an affidavit filed by Podgorny in support of his motion for summary judgment.[5]

---

5. Neither the complaint nor answer provide any admissions relevant to the determination. The complaint merely asserts the judgment and that it is unpaid. The answer asserts lack of information as to each rhetorical paragraph of the complaint.

The transcript of the judgment is merely that. It does not recite a basis for personal jurisdiction, nor is there included with it the sheriff's return or other evidence of service. It simply sets forth that plaintiff have judgment against Podgorny for $2,700 plus costs.

Interrogatories numbered 9, 12 and 13 addressed to Great Central and answered by its attorney touch on the question of service of process. They are as follows:

"9. When, where and how was the complaint above identified served on the defendant, Leo Podgorny.

A. Service effected May 18, 1971 at 304 Lake Street, Shererville, (sic) Indiana by Deputy Thomas A. Keachim of the office of Leslie O. Pruitt, Sheriff of Lake County, Indiana. The return shows that a copy of the summons and complaint were also mailed to Mr. Podgorny at that address.

12. Do you contend that you obtained personal service on the defendant, Leo Podgorny, in the litigation above identified.

A. The Sheriff's return from Lake County, Indiana does not specify personal service. The civil practice act of the State of Illinois provides for 'long arm' service where the cause of action arises from 'the transaction of business within this state' in the same manner as upon citizens of Illinois. Service in Illinois is proper where made upon the defendant or any member of his household of the age of ten or over.

13. Do you contend that you obtained substitute service on the defendant, Leo Podgorny, in the litigation above identified.

A. Yes."

In support of his motion for summary judgment, Podgorny filed an affidavit in six paragraphs as follows:

1. That at all times relevant herein the defendant Leo Podgorny has resided at 304 Lake Street, Schererville, Indiana and has never been a resident or citizen of the State of Illinois.

2. That at all times herein relevant, the defendant Leo Podgorny has never been personally served in a civil action entitled Great Central Insurance Company versus Leo Podgorny, Cause No. 71 M1 104070 as provided under Section 13.2 of the Illinois Civil Practice Act.

3. That at all times relevant hereto, at no time has the defendant Leo Podgorny been served under substitute (abode) services in in (sic) conformance with the terms and requirements of Indiana Civil Practice Act under Section 13.2.

4. That at all times relevant herein, the defendant Leo Podgorny has received no services of process as prescribed under Sections 16 and 17 of the Illinois Practice Act for personal services outside the State of Illinois.

5. That the first notice Leo Podgorny received of the cause of action pending in the Circuit Court of Cook County, First Municipal District under Cause No. 71 M1 104070 and the alleged valid judgment entered therein was upon receipt of summons in Cause No. 571-626 in the Lake Superior Court, Hammond, Indiana.

6. That the plaintiff, Great Central Insurance Company obtained neither personal nor substitute service on the defendant Leo Podgorny in Cause No. 71 M1 104070, nor did the defendant have any knowledge of those proceedings until after entry of judgment and the institution of this action in the Lake Superior Court."

We consider first the denial of Podgorny's motion, which appellant concedes depends upon the affidavit.

Indiana Rules of Procedure, Trial Rule 56(E) requires that supporting affidavits to be sufficient to ground a judgment must be made on personal knowledge, shall show that the affiant is competent to testify to the matters included, and must set forth *such facts as would be admissible in evidence*. The assertion of conclusions of law or opinions by one not qualified to testify to such, by affidavit, will not suffice. *Renn* v. *Davidson's Southport Lumber Co., Inc.* (1973), 157 Ind. App. 446, 300 N.E.2d 682; *Newell* v. *Standard Land Corporation* (1973), 156 Ind. App. 597, 297 N.E.2d 842.

Paragraphs numbered 2, 3 and 4 of Podgorny's affidavit present merely legal conclusions, and as such cannot support his motion. The same defect attends the opening phrase of paragraph numbered 6. Accordingly, Podgorny in fact supplied the court with two competent statements of fact. Paragraph 5 asserts the first notice he received of the action was

upon receipt of summons in the second suit. The second half of paragraph 6 asserts that he had no personal knowledge of the proceedings until after entry of judgment.

This, however, is insufficient to establish his right to summary judgment for while lack of actual notice may make the judgment voidable, it is not the jurisdictional element that will render the judgment void. *Milliken* v. *Meyer* (1940), 311 U.S. 457; *McDonald* v. *Mabee* (1917), 243 U.S. 90. Accordingly, the court correctly denied Podgorny's motion.

We next consider the trial court's action granting summary judgment to Great Central. In doing so, we briefly review the principles applicable under TR. 56.

When a motion is filed, hearing is deferred for at least ten days, during which time the opponent of the motion may file affidavits. TR. 56(C). When the motion comes on for hearing, the court is to decide it upon the basis of *all* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any. TR. 56(C). The opponent of the motion, however, may not rely upon the mere denials contained in his pleadings to avert judgment where the proponent has otherwise shown his entitlement to the requested relief. TR. 56(E).

The burden is on the proponent to establish that no genuine issue as to any material fact exists. *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N.E.2d 215; *Apple* v. *Apple* (1971), 149 Ind. App. 529, 274 N.E.2d 402. Accordingly, for purposes of determining whether to grant the motion: (a) facts set forth by the opponents' affidavits will be taken as true; (b) the depositions, admissions, etc. are to be liberally construed in favor of the opponent; and (c) any doubt as to the existence of a genuine issue as to a material fact must be resolved against the proponent of the motion. *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688; *Ross* v. *Farmers Insurance Exchange* (1971), 150 Ind. App. 428, 277 N.E.2d 29.

Finally, to help insure that real factual issues may not be evaded, supporting and opposing affidavits must be made on personal knowledge, must show affirmatively that the affiant is competent to testify to the matters covered, and must set forth facts as would be admissible in evidence. TR. 56(E); *Renn* v. *Davidson's Southport Lumber Co., supra.* Similarly, under the process of construction favoring the opponent of the motion, matters contained in depositions and answers to interrogatories are to be considered in the light of their capability of being admitted into evidence at a trial.

The essential reasoning behind the foregoing procedures is that while summary judgment is a desirable tool to permit the court to promptly dispose of cases where only legal issues exist, it should not and cannot be used as a substitute for trial in determining factual disputes. And this is true, although the materials presented to the court show that the opponent is unlikely to prevail at trial. *Wozniczka* v. *McKean, supra; Doe* v. *Barnett, supra.*

In the case before us, neither party presented to the court competent evidence as to whether the provisions of the Illinois rules for substituted service on non-resident long-arm defendants were adhered to. Great Central's interrogatory answers, which would certainly be subject to objection as presented, do not even purport to factually establish compliance with the Illinois requirements.

All that supports Great Central's judgment is the presumption which attends the Illinois judgment. On trial, where the evidence can be weighed, the presumption casts upon Podgorny the burden of clearly establishing the asserted lack of jurisdiction.

However, in the summary judgment proceeding before us, Podgorny's affidavit that he received no notice must be taken as true. His lack of actual notice then supports an inference that the provisions for substituted service were not properly complied with, since the whole concept of substituted service constituting personal rather than constructive service, is that

if the provisions for substituted service are met, the party is so reasonably likely to receive actual notice that the requirements of due process are fulfilled.

Thus, when we construe these answers liberally in his favor and resolve all doubt *against* Great Central, as we must also do, we must conclude that the issue is presented as to whether, in fact, substituted service was properly made. The record does not affirmatively demonstrate that it was, and summary judgment was therefore erroneous.

The summary judgment in favor of Great Central is, accordingly, reversed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 311 N.E.2d 640.