LOWELL CUNNINGHAM *v.* UNIVERSAL BATTERY DIVISION— YARDNEY ELECTRIC CORPORATION.

[No. 2-1074A262. Filed July 29, 1976.]

Michael M. Painter, Benadum, Cecil & Painter, of Muncie, for appellant.

David W. Jones, Davis & Jones, of Muncie, for appellee.

SULLIVAN, J.—Universal Battery Division—Yardley Electric Corp. (Universal) obtained a default judgment against Cunningham in Illinois. Universal filed suit upon that judgment in Delaware County. The Delaware Circuit Court entered summary judgment for Universal.

Cunningham appeals asserting that the court below erred because, (1) the summary judgment was entered upon reconsideration of an earlier ruling which had denied summary judgment and, (2) because there existed a genuine issue of fact whether the Illinois court had obtained jurisdiction over his person.

## I.

## SUMMARY JUDGMENT NOT RENDERED
## INVALID BY PRIOR DENIAL THEREOF

In *Corbridge* v. *Corbridge* (1952), 230 Ind. 201 at 205, 102 N.E.2d 764-766 our Supreme Court stated:

"We realize the force of the general rule that until a judgment is entered the cause is *in fieri,* and a court can amend, modify or change its decision, . . ."

*Accord, City of East Chicago* v. *State ex rel. Pitzer* (1949), 227 Ind. 241, 84 N.E.2d 588.

More precisely it was held in *Union Realty Co.* v. *Older* (1933), 97 Ind. App. 412 at 418, 185 N.E. 522 at 524:

> "A court, by making an erroneous ruling or order in a cause, is not thereby prevented from afterwards rendering a correct order or judgment; and the party in whose favor such error was committed cannot successfully urge a reversal of a correct final judgment on the ground that it is contrary to the erroneous order previously made. *World Building, Loan & Investment Company* v. *Marlin et al.* (1898), 151 Ind. 630, p. 637, 52 N.E. 198."
>
> See also, *Stanray Corp.* v. *Horizon Construction, Inc.* (1976), 168 Ind. App. 164, 342 N.E.2d 645.

Accordingly, the assertions by Cunningham as to the timeliness of Universal's Motion to Reconsider with respect to the fact that the Court did not rule thereon as contemplated by Ind. Rules of Procedure TR. 53.3(B) within five days of its filing; and the fact that Universal for the first time, by attached exhibits, thereby brought the Illinois long-arm statute to the court's attention, do not affect the correctness of the trial court's ruling.

## II.

### SUMMARY JUDGMENT APPROPRIATE WHEN DEFENDANT DOES NOT OVERCOME JURISDICTIONAL PRESUMPTION

At the outset we must note that pursuant to Ind. Ann. Stat. § 34-3-2-1 (Burns Code Ed. 1973) the trial court was required to take judicial notice of the Illinois long-arm statute, when such statute was brought to its attention.[1] *See, Casterlow* v. *State* (1975), 164 Ind. App. 506, 329 N.E.2d 631.

---

1. The Illinois statute, Ill. Rev. Stat. Ch. 110, § 17(1) and (2) read as follows:

> "(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> (a) The transaction of any business within this State;
>
> (b) The commission of a tortious act within this State;

It is established that one moving for a summary judgment must satisfy the court that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *TR. 56(C)*. But is it not necessary that such showing be made by affidavits, depositions, or testimony. A summary judgment may be properly entered upon a complaint accompanied by a supporting document or documents.

In *Jenkins* v. *Hatcher* (1975), 163 Ind. App. 95, 322 N.E. 2d 117, the court held that a Motion for Summary Judgment unaccompanied by affidavits or documents other than the pleadings is "functionally the same as a motion for judgment on the pleadings under Ind. Rules of Procedure, Trial Rule 12 (C)". 322 N.E.2d at 119.

Here, plaintiff's complaint was accompainied by a certified copy of the foreign judgment sued upon. The certified copy was not essential to the efficacy of the complaint itself, allegation of the judgment being sufficient. *TR. 9 (E)*. The Motion for Summary Judgment was therefore appropriate.

In a suit to enforce a foreign judgment, it is not necessary to allege jurisdiction of the foreign court. *TR. 9 (E)*, *supra*. That jurisdiction is presumed if the court is of general jurisdiction. *Old Wayne Mutual Life Asso.* v. *Flynn* (1903), 31 Ind. App. 473, 68 N.E. 327.[2] The

---

(c) The ownership, use, or possession of any real estate situated in this State;

(d) Contracting to insure any person, property or risk located within this State at the time of contracting;

(e) With respect to actions of divorce and separate maintenance, the maintenance in this State of matrimonial domicile at the time the cause of action arose or the commission in this State of any act giving rise to the cause of action. * * *"

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this state."

2. Cunningham does not allege that the Illinois court lacked jurisdiction of the subject matter.

presumption of jurisdiction of the person inures to plaintiff's benefit unless rebutted by defendant. *See, Weenig* v. *Wood* (1976), 169 Ind. App. 413, 349 N.E.2d 235 (Indiana long-arm jurisdiction over Utah resident challenged in Indiana lawsuit.)

In filing its Motion for Summary Judgment, Universal was entitled to rely upon the jurisdictional presumption without asserting under oath that the Illinois judgment was premised upon personal jurisdiction obtained via that state's long-arm statute.

We thus consider Universal's Motion for Summary Judgment to have been "made and supported" as provided by *TR. 56*. In such instance the defendant "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." *TR. 56 (E)*.

Cunningham did not technically rest upon the naked denial of jurisdiction. He did under oath state that no service of summons was made within the physical boundaries of Illinois; that he did not waive legal process in this cause; that he did not, nor did anyone on his behalf, make an appearance in the litigation in Illinois; and that he did not agree to entry of the judgment. He did, however, specifically admit service of summons upon him at his residence in Delaware County, Indiana by the Delaware County Sheriff.

To be sure, a foreign judgment may be collaterally attacked and evidence adduced to prove that the foreign court did not obtain jurisdiction. But *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640, cited by Cunningham here, is not determinative. In *Podgorny*, a summary judgment in plaintiff's favor was reversed but the sole basis of attack there, was that service of process had not been effected. 311 N.E.2d at 644. Such is not the case before us, for Cunningham has admitted personal service of process in Delaware County, Indiana. In its ap-

propriate application *Podgorny* requires plaintiff to affirmatively show the proper acquisition of jurisdiction in the foreign court only if defendant states under oath that he "received no notice". 311 N.E.2d at 648. (*See* also *Letson* v. *Lowmaster* (1976), 168 Ind. App. 159, 341 N.E.2d 785, affirming summary judgment for defendant when plaintiff failed to submit opposing affidavits indicating a genuine factual issue as to causation of his personal injury.)

Given the presumption of jurisdiction heretofore discussed, it suffices to say that Cunningham's affidavit did not attempt to show nor does it permit any legitimate inference that he was not properly subject to the personal service of process obtained on him in Indiana, pursuant to the Illinois long-arm statute.

We may take as true, as we are required to do, each and all of Cunningham's statements under oath. Having done so, we are still unable to say that the court erred in granting summary judgment.

Judgment affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 352 N.E.2d 83.