**Allen D. LEE, University Legal Assistance, Allan L. McNeil, Appellants (Plaintiffs Below),**

v.

**Donald J. DeSHANEY and Ruby I. De-Shaney, Appellees (Defendants Below).**

No. 2–1182A389.

Court of Appeals of Indiana, Second District.

Dec. 22, 1983.

---

Wayne E. Steele, Crawfordsville, for appellants.

Gregory A. Kahre, Fort Wayne, for appellees.

SHIELDS, Judge.

Allen D. Lee, University Legal Assistance and Alan L. McNeil (appellants) appeal the trial court's grant of Donald and Ruby DeShaney's (appellees) motion to dis-

miss pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6) and Indiana Rules of Procedure, Trial Rule 12(B)(1).[1]

This litigation originates out of a custody proceeding instituted in a Washington state court pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA),[2] regarding the custody of Anthony Lee and Michelle Lee. The custody action was initiated by the maternal grandparents of the children against their father, Allen Lee.[3]

As a result of litigation in the Washington court, Allen Lee was awarded permanent custody of his children, and pursuant to the UCCJA, RCW 26.27.150(2), and RCW 26.09,[4] the grandparents were ordered to pay to Lee his attorney fees, costs of litigation and travel expenses, totaling $8,313.39.

Upon appellees' failure to comply with the Washington court order, appellants filed their complaint in the Howard Superior Court,[5] asking the court to give full faith and credit to the Washington court order and enter judgment against DeShaneys in the amount of $8,313.39, costs of the action, and for all other relief.

Based on its interpretation of relevant provisions of the UCCJA, particularly I.C. 31–1–11.6–2(2) (Burns Code Ed., Repl. 1980),[6] the trial court held the Washington

---

1. Appellees argue appellants have waived their right to question the propriety of the trial court's ruling except as to the order for attorney fees. The argument is meritless. The appellants, in their motion to correct error, in their statement of facts, and in their brief assert the trial court erred in dismissing their complaint for costs and attorney fees. Further, it is apparent the term "costs" is used in its broadest sense as opposed to its limited usage as a shorthand term for "court costs".

2. WASH.REV.CODE ANN. §§ 26.27.010–26.27.-930 (Supp.1983). Indiana also has enacted the UCCJA, with provisions identical to those in Washington. See I.C. 31–1–11.6–1, 'et seq. (Burns Code Ed., Repl.1980).

3. Background facts pertinent to this case were not readily apparent from the record. This court, however, takes note of the case of Vorpahl v. Lee, (1980) Wis.App., 99 Wis.2d 7, 298 N.W.2d 222, which sets out the following information relevant to the present litigation. Cheri Vorpahl and Allen Lee were divorced in Montana in 1972. They had two children, Anthony, born in 1968, and Michelle, born in 1969. The divorce court awarded custody of the children to Lee by stipulation. After the divorce, Lee and the children lived in a number of different states. Except for a nine-month stay in Montana with Lee's parents, the children resided in Washington from June, 1975, up to the time of their abduction by the mother in September, 1979.

Vorpahl and her mother went to Washington in September, 1979, to visit the children. After spending the day with them, Vorpahl left with the children without telling Lee. Later, she commenced an action in Wisconsin for change of custody. The Wisconsin trial court found it could exercise jurisdiction because the children and their mother had significant connections with Wisconsin and because substantial evidence was present in Wisconsin concerning the children's present and future care. The Wisconsin Court of Appeals, Vorpahl v. Lee, (1980) Wis.App., 99 Wis.2d 7, 298 N.W.2d 222, reversed and remanded the trial court's decision, finding the children did not have "significant connections" with Wisconsin in that their presence in Wisconsin was created by their abduction from Washington, with which they had maximum contact. The court of appeals directed the trial court to stay the proceedings for thirty days to allow either party to commence a custody action in the State of Washington.

Thereupon, the children's maternal grandparents, Donald and Ruby DeShaney (appellees), commenced a custody proceeding in the Superior Court in the County of Spokane, Washington, which had assumed jurisdiction under the UCCJA.

4. RCW 26.27.150(2) (1983) provides that a person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorney's fees, incurred by the party entitled to the custody. RCW 26.09 (1983) embodies Washington's dissolution of marriage provisions, which includes provisions pertinent to child custody proceedings. RCW 26.09.140 gives the court discretion to order a party to pay a reasonable amount for the cost, including attorney fees, to the other party of maintaining or defending any proceeding for dissolution or child custody.

5. The DeShaneys are and were residents of Indiana during the pendency of the proceedings in Washington and Indiana.

6. I.C. 31–1–11.6–2(2) (Burns Code Ed., Repl. 1980) defines "custody determination" as a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person.

state court's order regarding attorneys' fees, costs, and travel expenses was not enforceable in the State of Indiana and dismissed appellants' complaint. Finding error in the trial court's dismissal, we reverse and remand for further proceedings.

## I.

In determining the propriety of a dismissal pursuant to Trial Rule 12(B)(6), we consider the complaint in the light most favorable to the plaintiff and with every inference drawn in his favor. *Parker v. State*, (1980) Ind.App., 400 N.E.2d 796. The granting of a 12(B)(6) motion is appropriate only when it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. *State v. Rankin*, (1973) 260 Ind. 228, 294 N.E.2d 604.

■ We agree with the trial court's determination that the courts of this state are not mandated by the provisions of the UCCJA to recognize and enforce the Washington court order in issue. Indiana's enactment of the UCCJA binds the courts of this state to recognize and enforce custody decrees of sister states if the rendering court assumed jurisdiction under statutory provisions substantially in accordance with the UCCJA. I.C. 31–1–11.6–13. "Custody decree" is defined in the UCCJA as "a *custody determination* contained in a judicial decree or order made in a custody proceeding." (emphasis added) I.C. 31–1–11.6–2(4). However, the term "custody determination" expressly excludes from its definition a decision relating to child support or any other monetary obligation of any person. This deliberate exclusion expresses the drafters' intention to restrict the applicability of the UCCJA solely to disputes concerning the custody of the child and visitation with that child. This limited scope of the UCCJA enforcement provisions is consonant with the purposes the act seeks to promote, (*i.e.*, to avoid conflict with sister state courts in matters of child custody which have in the past resulted in the shifting of children from state to state; to deter abductions undertaken to obtain custody awards; to avoid relitigation of other state's custody decisions). Therefore, the UCCJA does not mandate an Indiana court to enforce the Washington order. However, because that same order may be otherwise entitled to recognition and enforcement in Indiana the trial court erred in sustaining the T.R. 12(B)(6) motion.

■ Under the full faith and credit clause of the United States Constitution, Art. 4, § 1, a judgment rendered by a court of a state having jurisdiction of the subject matter and of the parties must be given full faith and credit by every other state including Indiana. In order to be entitled to recognition and enforcement under the full faith and credit clause, the judgment must be a final judgment adjudicating the litigation in a conclusive and definitive manner. *Barber v. Barber*, (1944) 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82; *Sistare v. Sistare*, (1910) 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905; *County of Ventura, State of Cal. v. Neice*, (1982) Ind.App., 434 N.E.2d 907.

The appellees argue the award to the appellants is not entitled to full faith and credit because it is an "order", rather than a "judgment". In *Department of Revenue, Inheritance Tax Div. v. Estate of Callaway*, (1953) 232 Ind. 1, 110 N.E.2d 903, our supreme court noted,

> "[a] 'judgment or decree' has been defined as the final determination of the rights of a party in an action; and an 'order' generally, is a direction of the court preliminary and incidental to final determination. The distinction between an order and a judgment is one of finality, and the question is whether the order is a final determination of the rights of [the] parties."

232 Ind. at 8, 110 N.E.2d at 906–907.

■ Thus, the designation "order" as opposed to "judgment" is inconsequential if it is demonstrated the "order" is final.[7]

7. The issue of finality is determined by the law of the state which rendered the order, but, if the

■ The character of the relief granted determines its classification as final or interlocutory. *Matter of Estate of Garwood,* (1980) 272 Ind. 519, 400 N.E.2d 758; *Smith v. Zumpfe,* (1940) 217 Ind. 431, 27 N.E.2d 878. "A final judgment ... is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for further determination." *Garwood,* 400 N.E.2d at 761 (quoting *Zumpfe v. Piccadilly Realty Company,* (1938) 214 Ind. 282, 13 N.E.2d 715).

■ Facially, and for purposes of the T.R. 12(B)(6) motion, the Washington court order disposed of the merits of the action, including issues of costs and attorney fees. The rights of the parties appear to have been fully and finally determined by the trial court in that the trial court did not reserve any questions for further determination. The matters ruled upon were put to rest. Under the full faith and credit clause, the appellants may be entitled to relief under their complaint as supplemented. Therefore, the trial court erred in dismissing the subject complaint under T.R. 12(B)(6).

## II.

■ The appellees also sought dismissal of the action based upon a T.R. 12(B)(1) motion for want of subject matter jurisdiction. All foreign judgments are open to collateral attack for lack of jurisdiction. *County of Ventura, State of Cal. v. Neice,* (1982) Ind.App., 434 N.E.2d 907; *Podgorny v. Great Central Ins. Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. Therefore, the order concerning attorney fees and costs is subject to an inquiry as to whether the Washington court which rendered the order had jurisdiction pursuant to the statutory provisions of the UCCJA. The proponent of a motion to dismiss for want of jurisdiction bears the burden of showing its absence. Ind.Rules of Procedure, Trial Rule 8(C). This burden includes the onus of rebutting the presumption in favor of the judgment's validity. *Neice; Podgorny.*

■ Appellees failed to present evidence rebutting the presumptive validity of the Washington trial court's subject matter jurisdiction under the UCCJA. Therefore, as a matter of law, the dismissal on T.R. 12(B)(1) grounds is erroneous.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.

law of such state is not brought to the attention of the court the court will not institute inquiries on its own account. *Cunningham v. Univ. Bat. Div.-Yardney Elec. Corp.,* (1976) 170 Ind.App. 166, 352 N.E.2d 83, *Casterlow v. State,* (1975) 164 Ind.App. 506, 329 N.E.2d 631.

We note under I.C. 34–1–67–1(11) (Burns Code Ed., Supp.1983) the word "judgment" is defined as all final *orders,* decrees and determinations in an action; also all *orders* upon which executions may issue. (emphasis added) Thus, for purposes of construction of the term "judgment" under Indiana statutory provisions for civil procedure, any distinction between a final order and judgment is insignificant. Further, under Ind.Rules of Procedure, Rule 54, the term "judgment" includes a decree and any *order* from which an appeal lies. Again, once an order is determined "final" as required for appeal purposes, the distinction in form between "order" and "judgment" becomes irrelevant.