SCHRAMEK, Appellant, vs. SHEPECK, Administrator, Respondent.

*January 15—March 22, 1904.*

*Guardian and ward: Care of incompetent by volunteer: Recovery.*

Where a guardian had contracted for the care of his incompetent
  ward, a mere volunteer who assisted in the care of the ward
  without the authority or knowledge of the guardian cannot
  recover for such services on the ground that they were neces-
  saries.

APPEAL from a judgment of the circuit court for Brown
county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

The plaintiff filed a claim amounting to $640 in the county
court against the estate of John Zalinka, deceased, for per-
sonal services. The claim being disallowed in the county
court, the plaintiff appealed to the circuit court, where a
jury trial was had. The evidence showed that prior to
March 26, 1900, the defendant, *Shepeck,* was the duly ap-
pointed general guardian to one John Zalinka, who was then
over eighty years of age, and mentally incompetent and
physically very weak; that on March 26, 1900, *Shepeck,* as
such guardian, placed Zalinka to live with one Joseph
Straka, in Green Bay, under an express contract for his
board. *Shepeck* testifies that this contract was that he was
to pay $20 per month in full for the board and the care of
Zalinka, while Straka testifies that he agreed that he would
take Zalinka and board and look after him for that sum. It
further appears that from March 26, 1900, up to December
31, 1901, being the date of Zalinka's death, he remained in
Straka's house, and was boarded and cared for there, and
that Straka received $20 per month therefor, and gave
monthly receipts for the money, in which the $20 was stated
as being for board and care; that the plaintiff was a nephew
of Zalinka, and the partner of Straka in a small button man-

ufacturing business, and boarded with Straka during the whole time; that Zalinka was so feeble as to be unable to dress or feed himself or attend to the calls of nature, and that the plaintiff (except during four or five absences from Green Bay) daily assisted Zalinka in these respects; and for these services, at $1 per day, this claim is made. It appears further that the board alone was not worth to exceed $3.50 per week; that the plaintiff knew this fact, and also knew that Straka was getting from *Shepeck* $20 a month; that neither Straka nor *Shepeck* ever asked *Schramek* to render any of the services for which he claims pay, and that the plaintiff never informed *Shepeck* that he was doing the services, or asked him for any pay therefor; that, when the plaintiff was away from home, Straka and his family attended to the personal services for which the plaintiff claims pay. At the close of the evidence a verdict for the defendant was directed, and from judgment thereon the plaintiff appeals.

*V. I. Minahan,* for the appellant.

For the respondent there was a brief by *Sheridan & Evans* and *A. P. Schenian,* and oral argument by *W. L. Evans.*

The following opinion was filed February 2, 1904:

Winslow, J. The evidence shows that there was no contract, either express or implied, made by *Shepeck,* the guardian, to pay for the services performed by the plaintiff; and, as Zalinka was incompetent and under guardianship, there could be no contract made by him. Hence there can be no recovery unless the services can be called necessaries. Sec. 3979, Stats. 1898. Doubtless it was necessary that the ward should have the personal attentions which the plaintiff gave him, but, if the guardian had made provisions for the wants of the ward in this respect, a mere volunteer, who assumed to perform the services without the authority or knowledge

of the guardian, cannot recover for them. It appears without dispute in this case that the guardian had contracted with Straka for the board and care of the incompetent ward and that he knew nothing of the supposed services rendered by *Schramek,* hence there can be no recovery for such services even on the ground that they were necessaries. *Gwaltney v. Cannon,* 31 Ind. 227; *McKanna v. Merry,* 61 Ill. 177.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied March 22, 1904.