WASHINGTON COUNTY, Appellant, vs. SCHRUPP, Respondent.

*April 2—April 20, 1909.*

*Courts: Jurisdiction: Claims for maintenance of insane persons: County courts: Circuit courts.*

1. A county court, having appointed a guardian of an insane person who has qualified and is acting as such, has jurisdiction adequate, complete, prompt, and efficient to adjudicate claims for the support and maintenance of the ward, and it is not. error for the circuit court to refuse to exercise original jurisdiction in such matters.

2. Sec. 600, Stats. (1898), does not authorize the bringing of an original action in the circuit court to enforce claims for the support and maintenance of insane persons, nor provide an independent remedy by action in the circuit court to the exclusion of the jurisdiction of the county court in such matters.

APPEAL from a judgment of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an appeal from a judgment dismissing the complaint and awarding costs against the plaintiff. The action was brought by the county of *Washington* to recover for the support and maintenance of the defendant in its asylum for the insane and for the clothing furnished by the county to the defendant while he was an inmate of the asylum. The period covered by the claim is from June 30, 1901, to December 22, 1907. The undisputed facts on this appeal are that the defendant was adjudged to be insane in the year 1884, was committed to the Northern Hospital for the Insane in 1899 thereafter, but prior to June 30, 1901, was transferred as an incurable patient to the insane asylum of the plaintiff county, and has been supported and maintained in this asylum continuously to the time of the commencement of this action. The county claims that the necessary support, maintenance, and care it so furnished to the defendant are reasonably worth the sum of $1,039.65 and that such sum is due the county therefor. It appears that in the year 1892 one Henry P. Schmidt was duly appointed and qualified as general guardian of the defendant as an insane person and of his estate, and that he has ever since been and now is his general guardian and is performing the duties and exercising the rights of such guardian. This action was commenced by the district attorney of the county pursuant to a resolution duly adopted by the county board directing him to commence an action against the defendant for the recovery of the amount alleged to be due the county on this claim for the support and maintenance of the defendant in plaintiff's asylum.

*H. A. Sawyer,* for the appellant.

For the respondent there was a brief by *Austin, Fehr & Gehrz,* and oral argument by *G. A. Gehrz.*

SIEBECKER, J.   The circuit court refused to entertain jurisdiction of the action for the reason that jurisdiction for the enforcement of plaintiff's claim has been granted to the county court and the circuit court should therefore decline jurisdiction in the matter.   Sec. 2443, Stats. (1898), provides that "the jurisdiction of the county court shall extend . . . to the appointment of guardians to minors and others in the cases prescribed by law" and to the management of their estates.   The provisions of sec. 3976 and subsequent sections of ch. 170, Stats. (1898), clearly confer power on county courts for the management and administration of the estates of insane wards and for making provision for their maintenance and support.   They make ample provision for applying the ward's estate to his needs and for care of him in his dependent condition, and provide that the guardian may settle all of his accounts, "demand, sue for, collect and receive all debts due to him, or may, with the approbation of the county court, compound and discharge the same on receiving a fair and just dividend from the debtor's estate," and likewise, "with the approval of the county judge, adjust, compromise and discharge any and all claims for damages," and in cases of the ward's insolvency may proceed to a settlement of the debts as in cases of deceased persons.   The provisions of sec. 3995b, Stats. (1898), are specially significant as showing the legislative purpose to confer ample jurisdiction on county courts to enable them to administer and adjudge in all matters pertaining to the ward's property, liabilities, and claims.   It provides a proceeding for an examination and adjustment of claims and demands against him, which may be commenced by his guardian or creditors upon the notice therein prescribed, for the rendition of judgment thereon and the enforcement of the same, and, after such proceeding has been had, that "no suit shall be commenced or maintained in any court against such ward upon any such claim as the county court has exclusive jurisdiction of in the

settlement of the estates of deceased persons." The manifest intent of this extension of the jurisdiction of the county courts in guardianship matters is to clothe them with the power to manage and to finally settle and adjudicate all matters pertaining to a ward's property rights, his liabilities and claims, and to provide for his care and maintenance. The jurisdiction thus conferred is in its nature and scope like that conferred on the county courts for the administration of the estates of deceased persons. The jurisdiction is concurrent with that of the circuit courts. *Glasscott v. Warner*, 20 Wis. 654; *In re Klein*, 95 Wis. 246, 70 N. W. 64. The principle that the circuit court in matters pertaining to the administration of the estates of deceased persons should not exercise its original jurisdiction in matters wherein the county court is proceeding, unless it appears that the county court cannot grant relief as adequate, complete, prompt, and efficient, is well recognized. *Meyer v. Garthwaite*, 92 Wis. 571, 573, 66 N. W. 704; *In re Klein, supra; Burnham v. Norton*, 100 Wis. 8, 12, 75 N. W. 304. The principle is equally applicable to matters of guardianship, in which jurisdiction has been extended to the county courts. We discover nothing in the case which cannot be adequately, efficiently, and expeditiously adjudicated in the county court. In sec. 604q, Stats. (1898), the legislature has made specific provision for the examination, settlement, and adjudication of this and other like claims.

It is contended that sec. 600, Stats. (1898), expressly authorizes the bringing of an action in the circuit court to collect the alleged claim from the property of the defendant. The context of the section does not warrant this interpretation. It provides that the several district attorneys shall, under the direction of the county boards, sue for and collect such claims from the property of the inmates of the asylums. This statute in no sense provides that this is an independent remedy by an action in the circuit court to the exclusion of

the jurisdiction of the county court above pointed out. It
prescribes how such a claim may be proceeded on for its col-
lection whenever it is appropriate to proceed in the circuit
court, but no such case is here presented.

The circuit court properly awarded judgment declining to
take jurisdiction of the matter.

. *By the Court.*—Judgment affirmed.