GUARDIANSHIP OF HAYES: FLESSAS, Appellant, v. MARINE NATIONAL EXCHANGE BANK OF MILWAUKEE, Guardian, Respondent.

*September 8—October 6, 1959.*

For the appellant there were briefs by *Valenti, Flessas & Foley* of Milwaukee, and oral argument by *Peter N. Flessas.*

For the respondent there was a brief by *Kaumheimer, Alt & Likert* of Milwaukee, and oral argument by *George H. Likert, Jr.*

HALLOWS, J.   The petitioner rests his case on three propositions: (1) Legal services rendered to an incompetent in proceedings for judicial determination of mental capacity are "necessaries" within the meaning of sec. 319.215, Stats.; (2) that the county court in the first hearing for attorney's fees recognized the incompetent's right to counsel for such purpose without prior leave of the court; and (3) the prior consent of the guardian or the county court is not a condition precedent to the liability of the guardianship estate for the reasonable value of such legal services rendered to the incompetent at his request.

The basic question on appeal is whether the legal services rendered by the petitioner were necessaries to the incompetent Hayes under sec. 319.215, Stats., 37 W. S. A., p. 429.  This section, so far as it pertains to the facts of this case, provides that if a copy of the petition and order for hearing for the appointment of a guardian is filed in the office of the register of deeds and a guardian is appointed upon such application, all contracts, except for necessaries at reasonable prices, made by an incompetent after such filing, are void.  The purpose of this statute is to prevent an incompetent from disposing of his property and placing it beyond his control during the pendency of the guardianship proceeding.  *Estate of Bean* (1914), 159 Wis. 67, 149 N. W. 745.  The estate of an incompetent is in *"custodia legis"* with power in the county court to manage, settle, and adjudicate all matters pertaining to the incompetent's property and to provide for his care and maintenance through the orderly administration of the guardianship.  *Washington County v. Schrupp* (1909), 139 Wis. 219, 120 N. W. 856.

All contracts made by an incompetent are void under the statute while a guardianship proceeding is pending except contracts for necessaries at reasonable prices. What are necessaries and what are reasonable prices therefor are for the county court having jurisdiction of the guardianship to determine. The orderly management and conservation of guardianship estates requires the power to determine what are necessaries and reasonable prices therefor to be vested in the court charged with the management and conservation of the estate of an incompetent. Certainly these questions cannot be determined by the person furnishing such services.

The question whether legal services furnished to and at the request of an incompetent deprived of his liberty in a mental institution to seek his release from such commitment constitute necessaries for the incompetent is a question of first impression in this court. The courts in other states are not in agreement. 28 Am. Jur., Insane and Other Incompetent Persons, p. 700, sec. 64; Anno. 121 A. L. R. 1501, and Anno. 22 A. L. R. (2d) 1438. Some cases holding such services are necessaries are *In re Estate of Freshour* (1913), 174 Mich. 114, 140 N. W. 517; *McKee's Adm'r. v. Ward* (1897), 18 Ky. L. Rep. 987, 38 S. W. 704; *Stone v. Conkle* (1939), 31 Cal. App. (2d) 348, 88 Pac. (2d) 197.

When recovery is allowed on the theory of necessaries it is generally done on the rationale that the law implies a contract or a promise to pay by the incompetent or imposes an obligation on him to pay for such necessaries because they are a benefit to him. 44 C. J. S., Insane Persons, p. 274, sec. 115. Necessaries are generally considered as what is reasonably necessary for the support, maintenance, care, and comfort of the insane person according to his status and condition in life but not necessarily limited to his actual physical wants. A person's liberty and freedom to do what he wishes with his property is a cherished right. An insane person

should have reasonable access to legal services which are required for the benefit of the insane person or necessary for the protection of his property. *In re Dunn* (1954), 239 N. C. 378, 79 S. E. (2d) 921; *Estate of Doyle* (1932), 126 Cal. App. 646, 14 Pac. (2d) 920. Cases denying recovery for attorney's fees incident to proceedings for judicial determination of mental capacity have found such services not to be necessaries under the facts of that case. *Estate of Ost* (1931), 211 Iowa 1085, 235 N. W. 70.

The true rule is that what constitute necessaries and reasonable prices depends upon the particular facts and circumstances of each case and is not necessarily determined solely by the nature of the services. All legal services rendered to restore an incompetent to competency are not necessarily necessaries. *Estate of Holder* (1950), 168 Kan. 657, 215 Pac. (2d) 166, cited in both briefs, allowed a claim for legal services to the incompetent, but on the ground that each such case was to be determined on its own facts.

This court has held that while some services might be considered in fact necessaries they are not within the meaning of sec. 319.215, Stats., 37 W. S. A., p. 429, when the guardian has already provided or made arrangements for the furnishing of such necessities. *Schramek v. Shepeck* (1904), 120 Wis. 643, 98 N. W. 213. In *Guardianship of Abel* (1911), 147 Wis. 467, 133 N. W. 583, this court considered a claim for attorney's fees rendered to an incompetent, and although such services were not provided for by the guardian, nevertheless denied the claim.

In considering what legal services are necessary for an incompetent the county court must carefully examine such claim so that an incompetent is not deprived of the means of securing his freedom and restoration to competency and yet the property which is necessary for his support and maintenance is not wasted. *Carter v. Beckwith* (1891), 128

N. Y. 312, 28 N. E. 582. On the first application the county court allowed the attorney's fees against the estate on the ground they were necessaries. The question before the trial court and this court is whether similar services rendered approximately three months later for the same purpose are likewise necessaries. The reason given for the second petition was that the petitioner was dissatisfied with the two psychiatrists appointed by the district court. This matter was brought to the attention of the district court which in its discretion entertained a second petition and appointed two different psychiatrists. This petition was unsuccessful.

There is no basis in the record to show that the first two psychiatrists appointed by the court were not disinterested. While an incompetent is entitled under sec. 51.11, Stats., to a re-examination of his condition after one year of the previous examination, the court may in its discretion grant a re-examination at any time. This application may be made by the incompetent, his guardian, a relative, or a friend, to any court of record either of the county from which he was committed or in which he is detained. It does not follow, however, that an examination every year or every three months constitutes necessaries under sec. 319.215, Stats., 37 W. S. A., p. 429. There should be some reasonable basis and hope for success by the qualified person petitioning for such re-examination of the incompetent. The fact the incompetent has a legal right to re-examinations does not make the expense of such examinations a necessity. We agree with the county court that under the facts of this case the legal services rendered by the petitioner in the second examination proceeding of the incompetent's mental condition were not necessaries under sec. 319.215, Stats., 37 W. S. A., p. 429.

The petitioner contends that the consent of the guardian or the county court prior to the furnishing of necessary legal services to an incompetent is not a condition precedent to the liability of the guardianship estate for the reasonable

value of such services. This argument is undoubtedly correct. *Guardianship of Schulte* (1941), 231 Iowa 237, 1 N. W. (2d) 193; *Guardianship of Kaplan* (1932), 187 Minn. 514, 246 N. W. 5; *Estate of Weightman* (1937), 126 Pa. Super. 221, 190 Atl. 552. This principle of law was recognized by the trial court in making its first allowance for services. However, one who makes an arrangement with an incompetent to furnish what he believes to be necessaries without prior approval of the court runs the risk of a subsequent determination by the county court that such services were not necessaries.

The petitioner's last contention is that because the county court recognized that prior consent or approval was not necessary to obtain an allowance for his fees for the first hearing and such services were necessaries, that he had authority to rely on that decision in performing services for the second hearing. We do not find in the record any reasonable basis for the petitioner's contention. Holding that the legal services rendered in the first examination were necessaries and did not require prior approval of the court did not foreclose the trial court from determining similar services repeated three months later were not necessaries. The petitioner misconstrued the statements of the court if he believed that any legal services he might render the incompetent to restore him to legal competency in the future would as a matter of law constitute necessaries.

*By the Court.*—Order appealed from is affirmed.