Deborah A. JOHNSON, Plaintiff-Appellant,

v.

K-MART ENTERPRISES, INC., Defendant-Respondent.

Court of Appeals

*No. 79–1050. Submitted on briefs March 10, 1980.—Decided August 26, 1980.*
(Also reported in 297 N.W.2d 74.)

For the plaintiff-appellant the cause was submitted on the brief of *William C. Lewis, Jr.,* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Carol Skornicka* and *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. This is an appeal from a judgment granting defendant's motion for summary judgment and dismissing plaintiff's complaint for false imprisonment.

The following facts are taken from a deposition of the plaintiff, which was the sole document accompanying

defendant's motion for summary judgment. Plaintiff submitted no affidavits or depositions in opposition to defendant's motion for summary judgment.

Plaintiff went to defendant's store in Madison at about 7:30 p.m. on September 8, 1976, to purchase some diapers and several cans of motor oil. She took her small child along to enable her to purchase the correct size diapers, carrying the child in an infant seat which she had purchased at K-Mart two or three weeks previously. A large K-Mart price tag was still attached to the infant seat.

Plaintiff purchased the diapers and oil and some children's clothes. She was in a hurry to leave because it was then 8:00 p.m., her child's feeding time, and she hurried through the checkout lane. She paid for the diapers, oil and clothing. Just after leaving the store, she heard someone ask her to stop. She turned around, and saw a man in a suit, who asked, "Would you please come back into the store?" Plaintiff asked, "What for?" and according to plaintiff, the man pulled out a badge, showed it to her, and said, "You're under arrest" or "I'm putting you under arrest." Plaintiff asked what she did, and the man said that if plaintiff would just come back into the store, he would like to talk to her about it.

Plaintiff was scared, but knew she had not done anything wrong. She went back into the store, and stopped just inside the doors. The man appeared to her to be a K-Mart security officer. Plaintiff asked why she was there, and the man said, "I have reason to believe that you have stolen that car seat." Plaintiff denied that she had stolen the seat, and explained that she had purchased the seat previously. She demanded to see the person who accused her of stealing the seat, and after a time, a K-Mart employee was produced who stated that she saw plaintiff steal the infant seat by taking it off a table and putting her baby in it. Plaintiff became "panicky,"

but pointed out to the man in the suit that the seat had cat hairs, food crumbs and milk stains on it. The man said, "I'm really sorry, there's been a terrible mistake. You can go." Plaintiff looked at the clock as she left. The time was 8:20 p.m.

The trial court concluded that defendant's conduct was protected by sec. 943.50(3), Stats., and granted defendant's motion for summary judgment. Section 943.50(3) reads:

A merchant or merchant's adult employe who has probable cause for believing that a person has violated this section in his presence may detain such person in a reasonable manner for a reasonable length of time to deliver him to a peace officer, or to his parent or guardian in the case of a minor. The detained person must be promptly informed of the purpose for the detention and be permitted to make phone calls, but he shall not be interrogated or searched against his will before the arrival of a peace officer who may conduct a lawful interrogation of the accused person. Compliance with this subsection entitles the merchant or his employe effecting the detention to the same defense in any action as is available to a peace officer making an arrest in the line of duty.

The parties address only the elements found in the first two sentences of sec. 943.50(3), Stats. We therefore do not consider whether the defenses "available to a peace officer making an arrest in the line of duty" bar plaintiff's claim. We assume, as did the parties and the trial court, that they do.

We review the trial court's decision to grant summary judgment by applying the same standard as the trial court. *Wright v. Halsey*, 86 Wis.2d 572, 579, 273 N.W.2d 319 (1979). The standard to be applied in determining whether summary judgment is appropriate is whether there is an issue of material fact in dispute, or undisputed material facts from which reasonable alternative

inferences may be drawn, sufficient to entitle the opposing party to a trial. *Grams v. Boss,* 97 Wis.2d 332, 338, 294 N.W.2d 473 (1980).

The procedure to be used in determining whether summary judgment should be granted is found in *Grams,* 97 Wis.2d at 338, 294 N.W.2d at 476–77.

The court must initially examine the pleadings to determine whether a claim has been stated and whether a material issue of fact is presented. If the complaint states a claim and the pleadings show the existence of factual issues, the court examines the moving party's (in this case the defendants') affidavits or other proof to determine whether the moving party has made a *prima facie* case for summary judgment under sec. 802.08(2). To make a *prima facie* case for summary judgment, a moving defendant must show a defense which would defeat the plaintiff. If the moving party has made a *prima facie* case for summary judgment, the court must examine the affidavits and other proof of the opposing party (plaintiffs in this case) to determine whether there exists disputed material facts, or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial.

Plaintiff's complaint states a claim and defendant's answer shows the existence of factual issues. We must therefore determine whether a *prima facie* case for summary judgment has been made.

The only document submitted by either party was a copy of plaintiff's deposition, submitted in support of defendant's motion for summary judgment. We therefore will examine the deposition in the light most favorable to plaintiff, to determine whether it establishes clearly that there is no genuine issue as to any material fact, or undisputed material facts from which reasonable alternative inferences may be drawn.

Plaintiff commenced a false imprisonment action. "The essence of false imprisonment is the intentional,

unlawful, and unconsented restraint by one person of the physical liberty of another." *Dupler v. Seubert,* 69 Wis.2d 373, 381, 230 N.W.2d 626, 631 (1975). Whether plaintiff may recover depends in this case upon the unlawfulness of defendant's conduct. Section 943.50(3), Stats., makes defendant's actions in restraining plaintiff lawful, if the elements of the statute are present.

The trial court identified eight elements of sec. 943.-50(3), Stats.:

(1) A merchant or merchant's adult employee (who has)

(2) Probable cause (for believing that a person has violated sec. 943.50, Stats., may)

(3) Detain suspect in a reasonable manner,

(4) For a reasonable length of time (to)

(5) Deliver suspect to a peace officer.

(6) Detained persons must be promptly informed of the purpose for detention, (and given permission)

(7) To make telephone calls.

(8) No interrogation or search of suspect against his will may be made before arrival of peace officer.

In making the *de novo* examination of plaintiff's deposition required by *Wright,* 86 Wis.2d at 579, we adopt the eight elements identified by the trial court. Plaintiff concedes that there is no dispute concerning 1, 6, 7 and 8.

We note, however, that sec. 943.50(3), Stats., includes a ninth element that falls between the second and third: violation "in his presence." The plaintiff has not raised the issue of whether the statute was believed to be violated in the presence of the merchant or the merchant's adult employee, and we therefore do not address that issue.

### Probable Cause

Plaintiff argues that her deposition shows that a factual issue exists because a reasonable jury could find that

defendant had no probable cause to believe plaintiff shoplifted the infant seat.

Whether probable cause exists is a mixed question of law and fact. If material facts are in dispute, the facts are to be determined by a jury and the court will decide the question of probable cause from those facts. Where the facts are undisputed, the existence of probable cause is a question of law which is decided solely by the court. *Pollock v. Vilter Mfg. Corp.*, 23 Wis.2d 29, 41, 126 N.W.2d 602 (1964). No material facts are in dispute on this motion for summary judgment. Whether probable cause existed was therefore a question of law for the trial court to decide. When the trial court rules on a question of law, our review is independent and we are not bound by the trial court's decision. *Howell Plaza, Inc. v. State Highway Comm'n*, 92 Wis.2d 74, 79–80, 284 N.W.2d 887 (1979).

Because defendant is a corporation, it must transact business through its officers and employees. Section 943.50(3), Stats., permits a merchant (here K-Mart) to detain a shopper if certain conditions are met, one of which is that the merchant have probable cause for believing that the shopper stole the merchant's goods.[1] Plaintiff's deposition shows that defendant's security officer believed that plaintiff stole the infant seat because another K-Mart employee told him that she saw plaintiff steal it. There is no conflicting evidence on this point. The question is not whether the employee who said she saw plaintiff steal the infant seat was fabricating her story. Our inquiry is whether there is an issue of material fact in dispute as to whether the K-Mart em-

---

[1] In *Meyer v. Ewald*, 66 Wis.2d 168, 178–79, 224 N.W.2d 419, 424 (1974), the court described probable cause in the context of a civil case: "[T]he quantum of evidence that would lead an ordinary and reasonable layman in the circumstances, to believe that the plaintiff committed a crime."

ployee who detained the plaintiff had probable cause for believing that plaintiff stole the infant seat.

We find no material facts in dispute, nor reasonable alternative inferences to be drawn from the facts. The merchant received word, through one of its employees, that plaintiff removed an infant seat from the shelf, put her child in it, and left the store without paying for the seat. We hold as a matter of law that the merchant, through its security guard, had probable cause based on this report to believe that plaintiff had shoplifted.

### Reasonable Manner of Detention

Plaintiff argues that her deposition shows that the place of detention made the detention unreasonable, or at least would permit an inference from which a jury could find that the manner of detention was unreasonable.

Few innocent persons who are detained because they are suspected of shoplifting will feel that their detention was accomplished in a reasonable manner. Plaintiff's complaint is that the place she was detained was public. Yet, plaintiff's deposition shows that defendant's only actions were to stop plaintiff, ask her to return to the store, inform her that she was suspected of shoplifting, produce the witness who allegedly saw plaintiff steal the infant seat, apologize to plaintiff for the detention and release her. There is no suggestion in plaintiff's complaint or deposition that she asked to go to a more private place.[2] Defendant's actions do not permit an inference that the detention was accomplished in an unreasonable manner.

---

[2] In plaintiff's deposition, she stated, "I have heard stories that people take you in rooms, dark rooms, and talk to you about it and everything . . ." This quotation shows why each case must be examined on its own facts.

## Length of Time Detained

In plaintiff's deposition, she testified that she was detained for 20 minutes. An inference that could be drawn from the entire deposition is that most of this time was spent in obtaining the presence of the K-Mart employee who said she saw plaintiff steal the infant seat. Plaintiff suggests that the employee was not produced more quickly because she was afraid of confronting the person she had falsely accused.

■

We are to view the deposition in the light most favorable to plaintiff[3] and therefore assume that plaintiff's theory is correct. Even so, the fact remains that plaintiff was detained for only 20 minutes. In determining whether a 20-minute detention is reasonable as a matter of law, we must weigh the customer's important liberty interests against a merchant's need for protection against shoplifters. Such a balancing is evident in the language of the statute which gives merchants the power to detain suspected shoplifters while at the same time safeguarding the customer's rights. We hold that a merchant's interest in detaining suspected shoplifters is such that a 20-minute detention is reasonable.

Plaintiff also argues that any amount of detention was unreasonable because defendant did not call the police.

■

Section 943.50(3), Stats., gives a merchant a reasonable time to deliver the accused shoplifter to a police officer. The statute does not prohibit inquiry by the merchant into the facts presented by the accused shoplifter, so long as this does not amount to an interrogation against that person's will. If prior to summoning a police officer, a merchant discovers that he has detained the wrong person, it would be absurd to require the mer-

[3] *Kraemer Bros. v. United States Fire Ins. Co.*, 89 Wis.2d 555, 567, 278 N.W.2d 857 (1979).

chant to summon the police officer. In this case, it is evident that the reason the police were not called immediately was that the merchant was attempting to comply with plaintiff's request to confront her accuser. This attempt informally to determine whether the merchant had made a mistake before summoning the police is not barred by the statute, particularly when it is suggested by the customer. Neither the merchant's nor the accused shoplifter's interest would be served by the requirement suggested by plaintiff. The fact that defendant did not call the police does not permit an inference that the detention was unreasonable.

The defendant made a *prima facie* case for summary judgment. Since no facts in this case are in dispute, and no reasonable alternative inferences can be drawn from the undisputed facts that would defeat the *prima facie* showing made by defendant, the defendant's motion for summary judgment was properly granted.

*By the Court.*—Judgment affirmed.