Cherie M. VORPAHL, Plaintiff-Respondent,

v.

Allen D. LEE, Defendant-Appellant.

Court of Appeals

*No. 79–1999. Submitted on briefs August 12, 1980.— Decided September 16, 1980.*
(Also reported 298 N.W.2d 222.)

8

For the appellant the cause was submitted on the brief of *Legal Services of Northeastern Wisconsin, Inc., Susan Bittker,* and *Sue E. Bischel,* staff attorneys, of Green Bay.

For the respondent the cause was submitted on the brief of *Scott M. Huiras* and *Byrne, Bubolz & Weber* of Appleton.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J. Allen Lee seeks review of the trial court's exercise of jurisdiction over the custody action commenced by his former wife, Cherie Vorpahl. The trial court held that it could exercise jurisdiction over the action, pursuant to the Uniform Child Custody Jurisdiction Act, secs. 822.03 (1) (b) and (1) (c), Stats.[1]

---

[1] Sections 822.03 (1) (b) and (1) (c) provides:

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the child's parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) The child is physically present in this state, and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent . . . .

Because the children had no connection with Wisconsin before Vorpahl's abduction of them, and because Lee does not believe an emergency situation exists, he argues the trial court's exercise of jurisdiction was improper. He further contends that even if jurisdiction can be found to exist, the trial court should have declined to exercise it because Wisconsin is an inconvenient forum and because Vorpahl's conduct in abducting the children was improper. We conclude the trial court correctly exercised emergency jurisdiction but erred in failing to stay its action in order to allow a custody action to be commenced in the State of Washington, which is a more convenient forum.

Vorpahl and Lee were divorced in Montana in 1972. They had two children, Anthony, born in 1968, and Michelle, born in 1969. The divorce court awarded custody of the children to Lee by stipulation. The mother apparently had no contact with the children for the next nine years. After the divorce, Lee and the children lived in a number of different states. Except for a nine-month stay in Montana with Lee's parents, the children resided in Washington from June, 1975, up to the time of their abduction by the mother in September, 1979.

Vorpahl and her mother went to Washington, in September, 1979, to visit the children. After spending the day with them, Vorpahl became concerned about the children's welfare. She had read a deposition taken from Lee's ex-wife, which contained allegations concerning Lee's mistreatment of the children. In addition, Lee's sisters and the children had told Vorpahl about instances of abuse. Because of these reports, she decided to take the children out of Washington immediately without telling Lee.

After Vorpahl abducted the children, she commenced an action in Wisconsin for change of custody. Lee was unaware of this action and sought a writ of habeas

corpus in Wisconsin to enforce the Montana divorce decree and to return the children to his custody. The court suspended the hearing on the writ of habeas corpus pending the outcome of the hearing on the change of custody petition. It awarded temporary custody of the children to the Department of Social Services and allowed the children to continue to reside with Vorpahl.

## THE "SIGNIFICANT CONNECTIONS" TEST

The trial court found that it could exercise jurisdiction pursuant to sec. 822.03(1)(b), Stats., because the children and Vorpahl both had significant connections with Wisconsin and because substantial evidence was present in this state concerning the children's present and future care. The findings of fact made by the trial court will be sustained unless they are against the great weight and clear preponderance of the evidence.[2] The record presented in the instant action does not contain evidence from which the trial court could find that the children had significant connections with the state. This finding is, therefore, against the great weight of the evidence.

The Commissioner's notes instruct that sec. 822.03(1)(b) "perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes in section 1."[3] One of the express purposes of the statute is to deter abductions.[4] If the court were to allow a noncustodial parent to establish jurisdiction in a new state by first abducting the children and then creating significant connections between the chil-

---

[2] *Bank of Sun Prairie v. Opstein*, 86 Wis.2d 669, 273 N.W.2d 279 (1979).

[3] Commissioner's Notes to UCCJA §3, [§822.03, Stats.], *reprinted in* 9 U.L.A. at 108 (West 1973).

[4] Section 822.01(1)(e), Stats.

dren and the new state, the stated purpose of deterring abductions would be totally circumvented. Abductions to a new state are not a suitable way to provide that state with jurisdiction over a custody modification action.

According to the Commissioner's notes, the purpose of sec. 822.03(1)(b) is "to limit jurisdiction rather than to proliferate it."[5] To ensure this goal, the notes would require that "[t]here must be maximum rather than minimum contact with the state."[6] At the time of the commencement of Vorpahl's action, the children had been in Wisconsin for two weeks. Before their removal to Wisconsin, the children had lived in Washington for approximately four years. Washington, therefore, met the statutory definition of home state.[7] Their teachers and friends were located in Washington. When Vorpahl began her action, the children had a greater connection with Washington than with Wisconsin. Furthermore, the bulk of the evidence relating to their care existed in Washington. Since the children have maximum contact with Washington, it could also assert jurisdiction using the criteria set forth in sec. 822.03(1)(b).

Vorpahl argues that because the children are now attending school and church here in Wisconsin, they have formed significant connections with this state. In addition, substantial evidence relating to their present and future care can now be found in Wisconsin through the testimony of teachers and friends in this state. This may be true, but this is evidence that was created by the abduction to Wisconsin. Until Vorpahl removed the children, they had no contact with the state. If the court were to allow jurisdiction to be exercised under the "significant connections" standard in this situation,

---

[5] Commissioner's Notes to UCCJA §3, *supra* note 3.

[6] Commissioner's Notes to UCCJA §3, *supra* note 3.

[7] Sections 822.02(5) and 822.03(1)(a), Stats.

the statute would serve to encourage rather than to discourage abductions. Consequently, this court concludes that the trial court erred in asserting jurisdiction pursuant to sec. 822.03 (1) (b).

## EMERGENCY JURISDICTION

The trial court also based its exercise of jurisdiction on sec. 822.03 (1) (c). This section provides that if a child is physically present in the state and is, in some way, neglected or dependent, the court may assume jurisdiction. In the present case, the trial court correctly determined that it could exercise jurisdiction under this section. Because of the mother's abduction of them, both children were present in this state and were placed in need of the court's intervention to determine the question of custody and to provide for their protection. Furthermore, the alleged instances of abuse, which occurred in their father's home, supports the trial court's finding that the children were neglected and dependent.

## INCONVENIENT FORUM DETERMINATION

The trial court found that Wisconsin was the proper forum for deciding the custody question. In making the determination, the trial court erred in failing to consider the standards set forth in sec. 822.07 (3).[8] Failure to

---

[8] Section 822.07 (3), provides:

(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(a) If another state is or recently was the child's home state;

(b) If another state has a closer connection with the child and family or with the child and one or more of the contestants;

(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

apply the proper standard constitutes a mistake in law and is, therefore, an abuse of discretion.[9] Applying the criteria enunciated in that statute, this court concludes that the proceedings must be stayed in order to allow either of the parties to institute an action in Washington.

Section 822.07 (3) (a) requires the trial court to consider whether another state is or recently was the child's home state. Since the inconvenient forum motion can be made at any time up to the issuance of a decree, the appropriate time period for determining the home state of the children is the six months immediately preceding the date of the motion.[10] At the time Lee made the inconvenient forum motion, Wisconsin was not the home state of the children; Washington had recently been their home. If the motion were made at the present time, Wisconsin might arguably be the children's home state. But the language of sec. 822.07 (3), refers to the time when the inconvenient forum motion was made and does not provide an exception for a state that has since become the home state.

The trial court must also consider whether another state has a closer connection with the children[11] and whether substantial evidence concerning the children's care is present in the other state.[12] The children had lived in Washington for four years prior to their removal to Wisconsin. More evidence as to their father's

(d) If the parties have agreed on another forum which is no less appropriate; and

(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in s. 822.01.

[9] *First Wis. Nat'l Bank v. KSW Inv.*, 71 Wis.2d 359, 238 N.W.2d 123 (1976).

[10] Section 822.02 (5), Stats.; §822.07 (1), Stats.

[11] Section 822.07 (3) (b), Stats.

[12] Section 822.07 (3) (c), Stats.

past and future care of them is available in Washington. It is, therefore, a more appropriate forum,[13] and the Wisconsin action should be stayed to allow commencement of an action there.

The decision to stay the proceedings is reinforced by the fact that the children had never before been to Wisconsin and would not have been present but for the mother's abduction of them. If the court were to allow the mother to benefit from the abduction of the children, it would be encouraging abductions. Section 822.07(3)(e) directs the court to consider whether the exercise of jurisdiction in Wisconsin would contravene any purposes of the act. Since a stated purpose is to deter abductions,[14] the failure to stay the proceedings in this state would undermine an explicit goal of the statute.

Vorpahl argues that her abduction of the children was not improper, and that the trial court acted correctly by not considering it in determining whether to exercise jurisdiction. Sec. 822.08(2), Stats., provides that a Wisconsin court shall not exercise jurisdiction if the noncustodial parent has improperly removed the children to this state. Vorpahl contends that the Commissioner's notes define the word "improper" to exclude an abduction committed to protect the children.[15]

It is not clear from the record that the children needed the protection that would have justified Vorpahl's abduction of them.[16] When the children reached Wis-

---

[13] *Schlumpf v. Superior Court*, 79 Cal. App.3d 892, 145 Cal. Rptr. 190 (1978).

[14] Section 822.01(1)(e), Stats.

[15] Commissioner's Notes to UCCJA §8 at 116 states: "The qualifying word 'improperly' is added to exclude cases in which a child is withheld because of illness or other emergency or in which there are other special justifying circumstances."

[16] The affidavits presented by the father were relevant to show whether an emergency situation existed at the time of the abduction, which would justify the mother's removal of the children. The

consin, emergency jurisdiction did exist because the mother's removal of them from their father's home created their dependency. Vorpahl's actions, however, are not sufficient to create the initial emergency situation necessary to justify her removal of the children and thereby cause sec. 822.08(2) to become inoperable.

Furthermore, sec. 822.08(2) contemplates a complete refusal to exercise jurisdiction. In the instant action, we conclude that the trial court erred not in maintaining its initial assumption of emergency jurisdiction over the action, but in failing to stay the proceedings pursuant to sec. 822.07(5). Because the trial court properly exercised emergency jurisdiction, the factors set forth in sec. 822.08, which provide for a complete denial of jurisdiction, are not relevant. The question instead focuses on the court's refusal to stay the proceedings. In making such a determination, sec. 822.07(3)(e) requires the trial court to consider the mother's abduction. We conclude that failure to consider this factor was a mistake in law constituting an abuse of discretion.[17] The trial court did not use the criteria established by the statute in determining whether Wisconsin was an inappropriate forum.

Because the trial court failed to apply the proper standard in determining whether it was a convenient forum, it erred in failing to stay the proceedings. We therefore direct the trial court to retain emergency jurisdiction over the action, pursuant to sec. 822.03(1)(c), but to stay the proceedings, pursuant to sec. 822.07(5), for thirty days after remittitur to allow either party to commence a custody action in the State of Washington.

trial judge did not appear to consider them on this point and such a failure is an abuse of discretion. *Mayer v. Mayer,* 91 Wis.2d 342, 283 N.W.2d 591 (Ct. App. 1979).

[17] *First Wis. Nat'l Bank, supra* note 9.

At the end of this time, the court shall resume the proceedings if neither party has commenced an action in Washington. If an action has been commenced in Washington, the trial court in this state should hold itself open to conduct hearings and take testimony pursuant to secs. 822.20 and 822.21, Stats.

*By the Court.*—Order affirmed in part, reversed in part and cause remanded for further proceedings consistent with this opinion.