Carolyn Ann Pickett CASKEY *v.* Jerry D. PICKETT

81-154                                   625 S.W. 2d 473

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Henry C. Morris,* for appellant.

*Michael Castleman,* for appellee.

FRANK HOLT, Justice. This case involves the question of whether an Arkansas court has jurisdiction to modify a custody decree of a Texas court under our Uniform Child Custody Jurisdiction Act, Ark. Stat. Ann. § 34-2701 et. seq. (Supp. 1981), Act 91 of 1979, when the Texas court has continuing jurisdiction over the custody of the child. The chancellor held he had jurisdiction and modified the decree by changing the custody of the child from the appellant to the appellee, granting appellant certain visitation rights. For reversal the appellant asserts that the chancellor lacked jurisdiction to modify the Texas court decree. We agree.

The appellant and appellee are respectively the mother and father of Lori Ann Pickett. After several years of marriage, the appellee petitioned for divorce from the appellant in Harris County, Texas, where the divorce was granted November 8, 1974. The appellant was awarded custody of Lori, then 5 years of age. Appellee was awarded visitation rights and was not required to make child support payments. After the divorce the appellee moved to Lockesburg, Sevier County, Arkansas, where he has resided for several years with this third wife and her 7 year old son. The appellant, who continued to reside in Texas, moved to Georgetown (an Austin suburb), Texas, where she has resided for the past several years. She married her third and present husband there in 1978. In the summer of 1980, while Lori was making her annual visit with her father at his home in Lockesburg, he filed a petition in the Sevier County Chancery Court seeking to modify the Texas decree by being awarded custody of Lori, then 11½ years of age. Appellee

alleged, inter alia, that due to an emergency situation the court could take jurisdiction to protect the child, pursuant to Ark. Stat. Ann. § 34-2703 (a) (2) (3) (Supp. 1981), because the child is neglected or dependent. The appellant responded by asserting the court lacked jurisdiction, citing § 34-2714, which reads:

> (a) If a court of another state has made a custody decree, a court of this state *shall not modify* the decree unless: (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction and (2) the court of this state has jurisdiction (Italics supplied.)

Ark. Stat. Ann. § 45-403 (Supp. 1981), in pertinent part defines a dependent neglected child as a juvenile whose parent, by reason of immorality, is unfit to properly care for the minor child. The trial court agreed with the appellee and found that Lori is a dependent or neglected child as defined by § 45-403. The chancellor made a finding of fact that the appellant had an immoral and adulterous affair with a man when she was recently and temporarily separated from her husband and her conduct so disturbed Lori that her best interests required that appellee have custody of her.

Lori was the principal witness. She testified that her mother and stepfather had worked out an arrangement that during their recent two months trial separation her mother and he could have dates and that she had observed her mother dating. She did not believe that this was right and wanted to stay with her father in Arkansas and attend school there. This was her decision and uninfluenced by her father. She testified that she loved her mother, who is good to her as is her stepfather. She has a nice home. However, she objected to her mother's dating other men. This behavior affected her grades and upset her. She was apprehensive that this conduct would continue. She did not want to stay with her mother until her mother decides what she is going to do. The mother candidly admitted that on two or three occasions she had had intimate relations with another man during the

trial separation with her husband in the summer of 1980. She felt the child was unaware of this. This separation, beginning in May, lasted about two months, and upon reconciliation with her husband, this affair had ended. She has had no other affairs during the marriage. Lori is active in sports and Girl Scouts. Her husband verified her testimony and told the court that he loved Lori and that he would not have spent the money and made two trips to Arkansas to attend the custody hearings if he were not sincere in his desire that his wife retain custody of the child. This is his first marriage. He contributes to Lori's support. Lori periodically attends a local Sunday School. A clinical psychologist, appellee's witness, testified that Lori is a well adjusted child who made no complaint about mistreatment or abuse by her mother or stepfather; that Lori has a good moral background; that she is distressed, does not approve of her mother dating other men, and prefers staying with her father. If her mother provided her with moral security, he saw no "particular difference" between the competing parents. If she were sent back to her mother against her wishes, it would place some stress on her; it would not be a "disastrous blow, disappointed perhaps." She appears sufficiently well adjusted to adapt to a disappointment.

Jurisdiction predicated on § 34-2703 (a) (3) is to be used only in extreme or extraordinary situations where the immediate health and welfare of the child is at stake. See *De Passe* v. *De Passe*, 421 N.Y.S. 2d 497 (1979); *In Re Marriage of Schwander*, 145 Cal. Rptr. 325 (1978); and *Roberts* v. *District Court of Larimer Cty.*, 596 P. 2d 65 (Colo. 1979). The Commissioners' note following the Uniform Child Custody Jurisdiction Act (9 U.L.A.) § 3 (Master Edition), p. 124, states that under paragraph (3) of subsection (a), "[t]his jurisdiction exists when a child has been abandoned and in emergency cases of child neglect . . . . This extraordianry jurisdiction is reserved for extraordinary circumstances . . . . When there is child neglect without emergency or abandonment, jurisdiction cannot be based on this paragraph."

Here, the evidence is insufficient to justify the Arkansas court preempting the continuing jurisdiction of the "home state" court to modify the custody award on an emergency

basis for the child's best interests. In fact, it appears that the asserted emergency had ceased to exist since there is a reconciliation of her mother and stepfather. The record does not reflect that the Texas court is without jurisdiction nor that it has declined to exercise jurisdiction. Texas is the child's "home state" and she was in Arkansas only for visitation with her father in compliance with the Texas court order.

Our legislature, in § 34-2701, stated the general purposes of this act were to avoid jurisdictional competition and conflict in other states on matters of child custody; to assure that custody litigation takes place ordinarily in the state which has optimum access to matters concerning the custody; the courts of this state should decline jurisdiction when the child and family have a closer connection with another state; to promote cooperation with the courts of other states in order to insure that the determination of custody is made by the court which can best decide the interest of the child; to avoid relitigation of custody decisions of other states insofar as feasible; to promote and expand the exchange of information and mutual assistance between the courts of this state and other states on custody matters; make uniform the law of child custody among the states; and that this Uniform Act shall be construed to promote these general purposes.

The merits of this custody case should be determined by the Texas court which has continuing jurisdiction. To hold otherwise under the facts in this case would undermine the policy and purpose of the Uniform Child Custody Act which our legislature has so recently enacted.

The appellant is awarded her costs and $500 for her attorney for his services on appeal.

Reversed and dismissed.