In the Matter of the Guardianship of George M. Hougard, Incompetent: Kellogg-Citizens National Bank of Green Bay, Appellant,

v.

Beverly Borden, Respondent.

Court of Appeals

*No. 81–1342. Submitted on briefs January 6, 1982.—*
*Decided April 27, 1982.*
(Also reported in 321 N.W.2d 313.)

For the appellant there were briefs by *Robert W. Schaefer* and *Joseph A. Ranney* of Green Bay.

For the respondent there was a brief by *David J. Condon* and *Sara E. Ramaker* of Green Bay.

Before Foley, P.J., Dean and Cane, JJ.

FOLEY, P.J.    Kellogg-Citizens National Bank of Green Bay, guardian of the estate of George M. Hougard, incompetent, appeals an order denying its petition for authorization to execute a disclaimer of Hougard's inter-

est in the estate of his deceased wife. The circuit court concluded that the bank had not proven the disclaimer to be in Hougard's best interest. Because the circuit court's conclusion is correct, we affirm the order without reaching the remaining issues raised by the bank.

The circuit court is empowered to adjudicate all matters pertaining to an incompetent's property. *Guardianship of Hayes*, 8 Wis. 2d 32, 36, 98 N.W.2d 430, 432 (1959). A guardian has the duty to manage a ward's estate in the ward's best interest. *Guardianship of Nelson*, 21 Wis. 2d 24, 28, 123 N.W.2d 505, 508 (1963); *see also Guardianship of Pescinski*, 67 Wis. 2d 4, 7, 226 N.W.2d 180, 181 (1975) (guardian must act in ward's best interest in caring for the ward's person). The trial court concluded that the evidence to prove that the disclaimer was in the ward's best interest was insufficient. The court's conclusion that the evidence was insufficient is a question of law. *Cf. Seraphine v. Hardiman*, 44 Wis. 2d 60, 65, 170 N.W.2d 739, 742 (1969) (sufficiency of proof of a contract is a question of law). This court independently reviews questions of law. *Johnson v. K-Mart Enterprises, Inc.*, 98 Wis. 2d 533, 539, 297 N.W.2d 74, 77 (Ct. App. 1980).

Although the facts are disputed, for purposes of this appeal we accept the bank's contentions that Hougard is permanently incompetent, that he cannot change his present will, that he has sufficient assets for his present and future needs, and that his estate would gain an inheritance tax benefit by the disclaimer. The undisputed facts show that Hougard's wife's estate excludes one daughter of the parties. Hougard's intended testamentary disposition, contained in his will on file with the circuit court, is unknown.

As long as Hougard's intended testamentary disposition of his estate is unknown, the circuit court cannot

find that the proposed diminution of his estate, which may be inconsistent with his intended testamentary disposition, is in his best interest. It is in Hougard's best interest for the court to insure that his testamentary disposition is respected. The disclaimer would, however, be a gift to the beneficiaries of the estate of Hougard's wife. It would substantially reduce Hougard's estate. Although this may be consistent with his desires, it is equally reasonable to speculate that he intends a different disposition of his estate. Without Hougard's real consent, *see Pescinski,* 67 Wis. 2d at 8, 226 N.W.2d at 182, which might be proven by his will and might then justify a different conclusion, the circuit court correctly denied the bank's petition.

*By the Court.*—Order affirmed.

DEAN, J. *(concurring).* The circuit court, relying on a holding of this court that was subsequently expressly disapproved by the supreme court, *Guardianship of Eberhardy,* 97 Wis. 2d 654, 668, 294 N.W.2d 540, 547 (Ct. App. 1980), *aff'd on other grounds,* 102 Wis. 2d 539, 307 N.W.2d 881 (1981), initially held that in the absence of specific statutory authorization, it was without jurisdiction to approve the disclaimer of George Hougard's interest in his wife's estate. The guardian relies upon the supreme court opinion in *Eberhardy* for the proposition that the court, in its plenary power, had jurisdiction to approve the disclaimer. Beverly Borden asks that *Eberhardy* be construed narrowly and relies upon a series of other precedent culminating in *Guardianship of Pescinski,* 67 Wis. 2d 4, 226 N.W.2d 180 (1975), for the proposition that the court is without jurisdiction in the absence of statutory authorization. The majority opinion dismisses the issue with a citation to *Guardianship of Hayes,* 8 Wis. 2d 32, 35, 98 N.W.2d 430, 432 (1959), believing the circuit courts have plenary power over guardianship matters.

I would not reach the question of whether the court has plenary power, but would conclude that the issue is resolved by the statutory grant of power over matters relating to guardianship of the estate found in sec. 880.02, Stats. Kellogg-Citizens National Bank is a guardian of George Hougard's estate. In *Pescinski*, the guardian sought judicial approval to remove a ward's kidney for transplant to his sister. In *Eberhardy*, the guardian sought approval to perform a tubal ligation on the ward. Both cases are distinguishable because they involve matters of guardianship of the person.

Section 880.02 provides:

> Jurisdiction in circuit court. The circuit court shall have jurisdiction over all petitions for guardianship. A guardianship of the estate of any person, once granted, shall extend to all of his or her estate in this state and shall exclude the jurisdiction of every other circuit court, except as provided in ch. 786.

I would conclude that this statute locates jurisdiction over all matters relating to the guardianship of estates in the circuit courts. I also read *Hayes*, with its reference to *Washington County v. Schrupp*, 139 Wis. 219, 120 N.W. 856 (1909), to rely on a similar statutory provision without resort to analysis of plenary judicial power.

On the merits of the case, Beverly Borden calls the disclaimer a gift. The question presented, whether the court may approve a gift, does not disappear. Section 880.19, Stats., creates a duty for guardians to conserve the ward's estate. A gift of a ward's assets may be inimical to conservation of the estate. Thus, gifts may routinely be disapproved by courts, but not for want of jurisdiction. It is not a duty of this court to present an example of a possible gift to establish the power of circuit courts over matters relating to a guardianship of the estate. It is dispositive of this case that, as deter-

mined by the majority, the guardian failed to establish to the circuit court's satisfaction that the gift was in the ward's interest.