IN the INTEREST OF J.T.: a person under the age of eighteen:

N.J.W., Appellant,

v.

STATE of Wisconsin, Respondent. [Case No. 91–2250.]

IN the INTEREST OF R.T., Jr., a person under the age of eighteen:

N.J.W., Appellant,

v.

STATE of Wisconsin, Respondent. [Case No. 91–2251.]

IN the INTEREST OF E.T., a person under the age of eighteen:

N.J.W., Appellant,

v.

STATE of Wisconsin, Respondent. [Case No. 91–2252.]

Court of Appeals

646

*Nos. 91-2250, 91-2251, 91-2252. Submitted on briefs February 21, 1992.—Decided April 7, 1992.*

(Also reported in 485 N.W.2d 70.)

On behalf of the appellant, the cause was submitted on the briefs of *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.* of New Richmond.

On behalf of the respondent, the cause was submitted on the brief of *Kevin H. Gehler,* district attorney of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

LaROCQUE, J. N.J.W., an Arizona resident and mother of three children, appeals a dispositional order giving legal custody of her children to the St. Croix County Department of Human Services until further court order. The order also gives physical placement of her children to R.T., the children's father.[2] N.J.W. argues on appeal that the trial court lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), ch. 822, Stats.

We conclude that Wisconsin has jurisdiction under the UCCJA, sec. 822.03(1)(c), Stats., to grant temporary emergency custody.[3] However, because the UCCJA, sec. 822.14(1), also provides an opportunity for the Arizona court that had entered the original custody decree to exercise its jurisdiction despite the temporary emergency order, we reverse the trial court's dispositional order following a CHIPS hearing.[4] Because these determinations

---

[1]This is a three-judge appeal pursuant to the chief judge's order of March 25, 1992.

[2]This court granted N.J.W.'s motion to consolidate the appeals pursuant to sec. 809.10(3), Stats.

[3]Section 822.03(1)(c) provides that a Wisconsin court has jurisdiction to modify a custody determination if:

> (c) The child is physically present in this state, and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent . . ..

Further, the overwhelming majority of courts have held that the UCCJA is applicable to temporary child custody orders. *See* cases collected at Danny R. Veilleux, Annotation, *Applicability of Uniform Child Custody Jurisdiction Act (UCCJA) to Temporary Custody Orders,* 81 A.L.R.4TH 1101 (1990).

[4]Section 822.14(1) requires that:

are dispositive, we will not address the other issues raised on appeal[5] at this time but will retain jurisdiction pending Arizona's decision whether to exercise jurisdiction.[6]

The material facts are undisputed. N.J.W. is a resident and domiciliary of Arizona. Her three children were born there and lived there for most of their lives. N.J.W. obtained a divorce from R.T. in Arizona in 1988, granting her custody of the children and giving R.T. reasonable visitation. In June 1990, N.J.W. allowed R.T. to take the children to Wisconsin for the summer. During the car ride to Wisconsin, the children told R.T. that they had been physically and sexually abused by N.J.W. and her boyfriend. N.J.W.'s boyfriend appeared to be the main abuser. R.T. related this information to the St.

---

If a court of another state has made a custody decree, a court of this state shall not modify that decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.

[5]N.J.W. also contends that: The trial court lacked jurisdiction because of violations of the children's code, ch. 48, Stats.; that her due process rights were violated; the trial court erred by allowing the children's videotaped statements and a psychiatrist's opinion into evidence and by excluding evidence. We retain jurisdiction to address these other issues raised on appeal if Arizona declines to exercise its jurisdiction.

[6]According to N.J.W., the father brought a parallel change of custody action in Wisconsin that was dismissed on grounds that Arizona was the proper forum. While we do not take judicial notice of that decision, if Arizona is indeed determining the change of custody action, it would also be appropriate for the Arizona court to accept jurisdiction over the dependency proceeding.

Croix County Department of Human Services on or about June 14, 1990.

On September 7, 1990, the court issued an ex parte order to take the children into custody, and, on September 10, the court issued an order giving temporary nonsecure physical custody to the St. Croix County Department of Human Services, with placement of the children with their father. The state filed a CHIPS petition on September 12, and, in February 1991, the case was tried to a jury. The jury found that the children were in need of protection and services. The court entered a dispositional order giving legal custody of the children to the St. Croix County Department of Human Services until further court order, and placing the children with their father.

■■■■

The determination of jurisdiction under the UCCJA is a question of law. *Dragoo v. Dragoo,* 99 Wis. 2d 42, 43, 298 N.W.2d 231, 232 (Ct. App. 1980). This court independently reviews questions of law. *In re Hougard,* 107 Wis. 2d 599, 600, 321 N.W.2d 313, 314 (Ct. App. 1982). The UCCJA applies to CHIPS proceedings under sec. 822.02(3), Stats., which defines "custody proceeding" as including child neglect and dependency proceedings.[7] The state argues that the court had jurisdiction over the children under sec. 822.03(1)(b) and (c).

■■■■

For a finding of jurisdiction under sec. 822.03(1)(b), Stats., the child and at least one contestant must have a significant connection with this state. Furthermore, there must be "available in this state substantial evi-

---

[7]The parties do not address the issue whether the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (1982), is also applicable to CHIPS proceedings. Because this issue was neither raised nor briefed, we decline to address it.

dence concerning the child's present or future care, protection, training, and personal relationships . . .." *Id.* The state argues that at the time of the CHIPS proceeding, the father had a significant connection with Wisconsin because he had lived here well over a year before picking up his children in Arizona, he was working in this state and had recently remarried and settled in Wisconsin. The state maintains that the children had a significant connection with Wisconsin because they were living in Wisconsin pursuant to the voluntary agreement between N.J.W. and R.T. for approximately three months prior to the CHIPS proceeding. We disagree. While the father may have had a significant connection with Wisconsin, the children did not.

Because the purpose of sec. 822.03(1)(b), Stats., is to limit jurisdiction rather than to proliferate it, there must be maximum rather than minimum contact with the state. *Vorpahl v. Lee,* 99 Wis. 2d 7, 11, 298 N.W.2d 222, 225 (Ct. App. 1980) (quoting Commissioners' Notes to UCCJA § 3, *reprinted in* 9 U.L.A. 108 (West 1973)). Here, the children's sole connection with Wisconsin was their summer visitation period with R.T. Their home was in Arizona where they had resided for most of their lives. Further, they attended school in Arizona. Finally, evidence concerning their mother's parenting skills and the alleged abuse was in Arizona. If jurisdiction could be conferred merely because children were brought into that state during a visitation period, the purposes of the UCCJA would be thwarted. *See* sec. 822.01, Stats. Therefore, we conclude that the court did not have jurisdiction over the children under sec. 822.03(1)(b).

The state next contends that the court had jurisdiction pursuant to sec. 822.03(1)(c), Stats. *See* note 3.

653

Section 822.03(1)(c) retains and reaffirms *parens patriae* jurisdiction, usually exercised by a juvenile court, which a state must assume when a child is in a situation requiring immediate protection. *In re A.E.H.*, 161 Wis. 2d 277, 304–05, 468 N.W.2d 190, 201 (1991). This extraordinary jurisdiction is reserved for extraordinary circumstances. *Caskey v. Pickett,* 625 S.W.2d 473, 475 (Ark. 1981) (quoting Commissioners' Notes to UCCJA § 3(a)(3), *reprinted in* 9 U.L.A. 124 (master ed.)). Generally, judicial relief in such cases should not extend beyond the issuance of temporary protective orders pending the application to the court of the rendering state for appropriate modification of the custody decree. *Brock v. District Court,* 620 P.2d 11, 14 (Colo. 1980); *see also Vorpahl,* 99 Wis. 2d at 15–16, 298 N.W.2d at 226–27.

The state maintains that an emergency existed because N.J.W. was on her way to Wisconsin to forcibly take the children and was going to charge R.T. with kidnapping. However, the state, in asserting this fact, does not cite to the record. We need not search the record to find support for the state's assertions. *Keplin v. Hardware Mut. Cas. Co.,* 24 Wis. 2d 319, 324, 129 N.W.2d 600, 603 (1981).[8] N.J.W., on the other hand, argues that the situation did not constitute an emergency because when the state first learned of the alleged abuse, the children's return was not imminent. However, by the time the abuse was brought to the court's attention in September, the children, according to the voluntary agreement, were supposed to return to Arizona so

[8]The state has substantially failed throughout its brief to comply with sec. 809.19(1)(d), Stats., that requires record citations. Especially when the record is voluminous as is the case here, this failure is to be condemned.

that they could attend school. Thus, the court had emergency jurisdiction to protect the children from possible harm by granting temporary custody to the St. Croix County Department of Human Services in order to prevent their return to their mother. To deny the court the power to enter a temporary order in this emergency would vitiate the very purpose of *parens patriae* jurisdiction granted by this section. *See E.P. v. District Court,* 696 P.2d 254, 262 (Colo. 1985).

■

However, a court that has properly assumed temporary jurisdiction under the UCCJA may nevertheless be required under the UCCJA to decline to exercise it further. *A.E.H.,* 161 Wis. 2d at 307, 468 N.W.2d at 202. Under the circumstances of this case, once the children were protected by the temporary order, the court was required pursuant to sec. 822.14(1), Stats., *see* note 4, to stay further proceedings and refer the case to the Arizona court that had entered the original custody degree so that it could determine whether it would assume jurisdiction over the matter.[9] If the Arizona court declined to exercise jurisdiction, then the Wisconsin court could have properly proceeded with the CHIPS proceeding.[10]

---

[9]The state argues that because N.J.W. never moved to stay the proceedings pending a filing in Arizona relating to custody, it is deemed waived. However, the UCCJA sometimes requires that a court decline to exercise jurisdiction even without a motion. *See A.E.H.,* 161 Wis. 2d at 307, 468 N.W.2d at 202.

[10]Section 822.03(1)(d) provides:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial modification decree if:

. . ..

(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with par. (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that

Section 822.14(1), Stats., is applicable to CHIPS proceedings because of the potential for a long-term custody change or even termination of parental rights. *See E.P.,* 696 P.2d at 263; *see also State ex rel. DHSS v. Avinger,* 720 P.2d 290, 292–95 (N.M. 1986). Here, the court gave the St. Croix County Department of Human Services legal custody over the children until further order of the court and placed the children with their father. This indefinite modification of the original custody decree could potentially affect a long-term custody change. In fact, at the time of this appeal, the children have already been living with their father over one and a half years. The Arizona court that rendered the initial custody decree still retained jurisdiction as the children's home state. *See* sec. 822.03(1)(a), Stats. In addition, the children and their mother had a significant connection with Arizona and evidence concerning their care, protection and training could be found in that state. *See* sec. 822.03(1)(b), Stats. Therefore, pursuant to sec. 822.14(1), Wisconsin must stay the proceeding and refer the case to the Arizona court that issued the original custody decree. We do not consider whether Wisconsin was also an inconvenient forum under sec. 822.07.

In conclusion, we affirm the emergency order and reverse the dispositional order. Because the Arizona court may need time to make the decision whether to take jurisdiction, the St. Croix County Circuit Court's emergency order will remain in effect for a period not to exceed sixty days from remittitur. The parties are

this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

656

directed to inform this court as soon as Arizona formally accepts or rejects jurisdiction.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions. No costs on appeal.